442 A.2d 819

**COMMONWEALTH of Pennsylvania**

v.

**John E. WRAY, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 11, 1980.

Filed March 12, 1982.

Elaine DeMasse, Assistant Public Defender, Philadelphia, for appellant.

Eliot Present, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before BROSKY, WATKINS and MONTGOMERY, JJ.

WATKINS, Judge:

This is an appeal from the judgment of sentence of the Court of Common Pleas, Criminal—Trial Division, of Philadelphia County, by the defendant-appellant, John E. Wray, after his conviction of simple assault and aggravated assault. The defendant was sentenced to three to ten (3 to 10) years imprisonment.

On November 11, 1978, the defendant entered a lounge in Philadelphia and struck the victim over the head with a three foot long pole causing compound depressed fractures of the skull. The defendant was arrested for the offense on November 13, 1978. After being arrested he was provided all of the *Miranda* warnings. The defendant expressed a desire to remain silent. Later, while being asked routine biographical data necessary to the processing of the arrest (name, address, etc.) the defendant suddenly and spontaneously said:

"This isn't something someone just does. He called my wife up and said he was going to rape her."

The arresting officer then reminded the defendant of his statement to the effect that he wished to remain silent and warned the defendant that the officer planned to use the statement against him at trial. The defendant then replied, "I know, but nobody likes rapists man". The officer then questioned the defendant further about the incident, however, the defendant's further admissions were suppressed by the court. The court below refused to suppress the statements set forth above. The defendant now alleges that he should be given a new trial claiming that the admissions into the trial testimony of the remarks set forth above violated his Fifth Amendment right to remain silent. We do not agree.

The statements made by the defendant during the processing of his arrest were not made in response to any questions posed to the defendant by the police. The biographical data sought of the defendant by the police was merely that data normally attendant to arrest and custody and the biographical questions were not designed nor likely to elicit any admissions from the defendant. Thus, defendant's statements amounted to spontaneous, unsolicited utterances. The court below properly and correctly refused to suppress them. We hold that: (1) questions posed to subjects seeking non-incriminating, biographical data do not amount to "police interrogation"; and (2) unsolicited, spontaneous utterances made by a suspect in custody are admis-

382

sible against him at trial whether or not he has expressed a desire to remain silent. *Rhode Island v. Innis,* 446 U.S. 291, 100 S.Ct. 1682, 64 L.Ed.2d 297 (1980); *Commonwealth v. Whitman,* 252 Pa. Superior Ct. 66, 380 A.2d 1284 (1977).

Judgment of sentence affirmed.