568 A.2d 1329

**COMMONWEALTH of Pennsylvania**

v.

**Todd E. RAMIN, Appellant.**

Superior Court of Pennsylvania.

Submitted Oct. 5, 1989.

Filed Jan. 30, 1990.

Richard J. Callahan, Williamsport, for appellant.

Robert W. Ferrell, Asst. Dist. Atty., Williamsport, for the Com., appellee.

Before ROWLEY, DEL SOLE and KELLY, JJ.

DEL SOLE, Judge:

This is an appeal from a Judgment of Sentence imposed following a jury trial in which Appellant was convicted of driving while under the influence of alcohol. On appeal Appellant challenges the trial court's decision refusing to suppress certain audio portions of a videotape made at police headquarters following his arrest.

Before we can analyze Appellant's claim we must first dispose of the Commonwealth's assertion that the issue has been waived because Appellant failed to timely file his post-trial motions. These motions which contain the claim of error now presented before this court were filed fifty-four (54) days after the verdict. Appellant offers no reason for his failure to comply with the ten day requirement of Pa.R.Crim.P. 1123(a). However, the record indicates that despite the untimely nature of the motions the merits of Appellant's claim were considered and ruled on by the trial court. Because the trial court considered Appellant's issue on its merits, we will not deem the issue waived. *Commonwealth v. Markovitch*, 565 A.2d 468 (1989).

The video tape referred to in the instant case, taken the night of Appellant's arrest, was included in the original record sent to this court.[1] The parties and the trial court

1. Although the actual tape, which was admitted into evidence was included in the record, a transcription of that portion of the tape heard by the jury was not. Because notes of the particular audio portions of the tape which were played to the jury were not available for our review, it was necessary for us to view the tape keeping in mind what portions the parties and the court agreed were redacted.

agree that certain portions of this tape were not shown to the jury. The jury did view the remainder of the tape which showed Appellant answering questions such as his name, date, age, social security number and employer. The jury was also able to view Appellant's admission that he "had a few" drinks on the evening in question. It is Appellant's position that the audio portion of this tape should have been suppressed because it contained incriminating statements which were compelled by police conduct in violation of Appellant's constitutional rights. Because upon review of the tape we conclude that the incriminating statements made by Appellant were not compelled by police questioning which was likely or expected to elicit an incriminating response, but rather were spontaneous and voluntary utterances, we affirm the trial court's ruling.

The Fifth Amendment of the United States Constitution and Article I, Section 9 of the Pennsylvania Constitution protect those individuals accused of crimes from being compelled to testify against themselves or otherwise provide the state with evidence of a testimonial or communicative nature. *Schmerber v. California*, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966); *Commonwealth v. Conway*, 368 Pa.Super. 488, 498, 534 A.2d 541, 546 (1987). This privilege is not violated by requiring a driver to perform physical tests since the evidence procured is of a physical nature rather than testimonial. *Id.* Verbal communications which are both incriminating and compelled by police conduct are, however, protected; and absent a waiver of those protections identified in *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), they are inadmissible at trial.

In this case, it is undisputed that Appellant stated he did not wish to answer police questions in the absence of his attorney. Although attempts to contact counsel were un-

The obvious difficulties of such a review, and the potential for disagreement as to what was actually presented to a jury, necessitates a requirement that a transcript of the audio portion which was heard by a jury be included along with the original tape in the record sent to our court for review.

successful, the police did ask Appellant certain questions. These inquiries each related to various biographical information which Appellant was readily able to answer. Questions which seek nonincriminating biographical data do not amount to "police interrogation" and therefore they do not violate the accused's constitutionally protected rights. *Commonwealth v. Wray*, 296 Pa.Super. 379, 442 A.2d 819 (1982). Thus, when an accused makes an incriminating remark which is irrelevant and unresponsive to a routine biographical question asked by a police officer, that remark is admissible at trial whether or not the accused has expressed a desire to remain silent. *Id.*

In this case Appellant did not make any incriminating statements in response to the statistical questions asked by the officers. Although Appellant may argue that it is not the content of his answers but the manner in which they were conveyed which was incriminating when later played on tape before a jury, we cannot find that Appellant's constitutional rights were violated. The police officers asked questions which were purely biographical and unlikely to elicit incriminating information. The responses made to such questions and the manner in which an accused conveys these responses, whether it be garbled or slurred, is information of a physical nature which could be testified to by an observant. A video tape recording of these responses is thus equally permissible. *See: Commonwealth v. Muniz*, 377 Pa.Super. 382, 547 A.2d 419 *cert. granted* — U.S. ——, 110 S.Ct. 275, 107 L.Ed.2d 256 (ruling that video taped responses to questioning which was not ostensibly requested for record-keeping purposes and which sought to elicit information revealing the suspects' thought process rather than statistical information which is commonly committed to rote memorization, was inadmissible absent the issuance of *Miranda* warnings).

The video tape played before the jury which convicted Appellant also contained what were obviously incriminating statements. After obtaining the biographical information a police officer informed Appellant that he could not

drive home and would have to contact a friend or relative to provide him with a ride. At some point during this conversation Appellant stated that he "had a few" but that he was not drunk.

Unlike the statements made in response to questions concerning routine biographical information, this statement spoken by Appellant and viewed by the jury on video tape was incriminating. Nevertheless we determine that this remark is admissible because it passes the second part of the two prong test; it was spontaneous and voluntary and not compelled by police conduct.

> If a testimonial statement is given 'freely and voluntarily without any compelling influences', it is admissible. *Commonwealth v. Sero*, 478 Pa. 440, 453, 387 A.2d 63, 70 (1978). *See also Commonwealth v. Bracey*, 501 Pa. 356, 367, 461 A.2d 775, 780 (1983) (quoting *Sero, supra* ). However, if police conduct is; *likely* or expected *to elicit* a confession or other *incriminating statements' Miranda* warnings are required. *Id.* (emphasis added). If the accused, like Mr. Conway [the appellant], does not waive the privilege against self-incrimination, any testimonial statements obtained as a result of police conduct likely to elicit incriminating statements are inadmissible at trial.

*Commonwealth v. Conway,* 368 Pa.Super. 488, 534 A.2d 541 (1987).

Appellant made the utterance concerning his consumption of alcohol spontaneously. Our examination of the video tape convinces us that the trial court correctly ruled that the admission of this evidence was proper because the police did not engage in questioning which was designed, or which was likely to elicit incriminating information. The police officer in this case was merely advising Appellant that it would be inappropriate for him to return to the road as a driver. The police were instructing Appellant concerning his options for returning home. Appellant's admission made in defense of his ability to drive was not in any

manner compelled by police conduct so as to violate his constitutional rights.

Judgment of Sentence affirmed.