582 A.2d 662

**COMMONWEALTH of Pennsylvania, Appellant,**

**v.**

**Bradley Donald RISHEL, Jr., Appellee.**

Superior Court of Pennsylvania.

Submitted June 11, 1990.

Filed Oct. 25, 1990.

414

Harold E. Ciampoli, Jr., Asst. Dist. Atty., Montoursville, for Com.

David D. Noon, Sunbury, for appellee.

Before WIEAND, DEL SOLE and MONTEMURO, JJ.

DEL SOLE, Judge:

The Commonwealth of Pennsylvania appeals from an order granting, in part, Bradley D. Rishel, Jr.'s Motion to Suppress Evidence.[1] We reverse.

While investigating the cause of an automobile accident, the investigating officer determined that the Appellee, a driver of a vehicle involved in the accident may have been under the influence of alcohol. After failing a sobriety test, the Appellee was placed under arrest and taken to the Williamsport Hospital for a blood alcohol test. Mr. Rishel refused the test and was then taken to the Williamsport police station for processing. Prior to this time he had not been given *Miranda* warnings.

At the station, processing of the Appellee was videotaped. The audio portion of the video tape can be divided into three sections. In section one the officer asked biographical questions such as the Appellee's address and employment information. In section two, the Appellee was informed of his *Miranda* rights and stated that he wished to have counsel. In section three, the Appellee was fingerprinted and photographed and during this phase of processing the Appellee continued to make comments to the police officer. While the officer sometimes answered Appellee's questions, the officer did not at any time after Appellee invoked his right to counsel ask Appellee any questions or elicit any information. Further, the investigating officer continued to inform Mr. Rishel that the officer could not talk to him unless he waived his right to an attorney.

A motion to suppress a portion of the audio portion of the video tape was filed contending a violation of rights under the Fifth and Sixth Amendments to the Constitution of the United States. The trial court denied the

1. The Commonwealth avers that the suppression order "substantially handicaps" the prosecution of appellee. The appeal, therefore, is properly before us. *See Commonwealth v. Dugger*, 506 Pa. 537, 486 A.2d 382 (1985) (Commonwealth has an absolute right of appeal to the Superior Court to test the validity of a pretrial suppression order when the Commonwealth certifies in good faith that the suppression order terminates or substantially handicaps its prosecution.)

motion with respect to section one of the video tape but suppressed sections two and three of the tape. The Commonwealth has appealed from this order but does not challenge the trial court suppressing that portion of the video tape wherein the Appellee is advised of his rights under *Miranda*, and exercises those rights.[2] The only question before this court is whether the trial court erred in suppressing the third section of the audio portion of the video tape.

■ The United States Supreme Court recently decided *Pennsylvania v. Muniz*, — U.S. ——, 110 S.Ct. 2638, 110 L.Ed.2d 528 (1990) which involved the videotaping of a person suspected of driving under the influence of alcohol. Inocencio Muniz was arrested for driving under the influence of alcohol. He was taken to a Booking Center where his actions were videotaped. At this time he had not received his *Miranda* warnings. Muniz first answered general biographical questions such as his name, address and birthday. He was then asked if he knew the date of his sixth birthday to which he responded that he did not know. Muniz's comments and behavior before the video camera did indicate that he was intoxicated. After refusing a breathalyzer and making statements about his inebriation, the officer Mirandized him. At his trial, the tape was admitted into evidence and he was convicted.

This court reversed the conviction, finding that no *Miranda* warnings were required when Muniz was asked to perform field sobriety tests in front of the video camera since such tests elicit physical and not testimonial evidence. However, we further held that when the physical nature of the test begins to produce testimonial and communitive statements, the protection afforded by *Miranda* are in-

2. The Appellee, in his brief, seems to challenge the trial court's refusal to suppress the biological information questions. However, such a challenge will not be considered by this court for two reasons. First, the Appellee has not appealed the refusal of the trial court to suppress and, second, the denial of a motion to suppress is not a final, appealable order which would vest jurisdiction of that issue in this court. *Commonwealth v. Slaton*, 383 Pa.Super. 301, 556 A.2d 1343 (1989), allocatur granted, 524 Pa. 596, 568 A.2d 1246 (1989).

voked. We reasoned that Muniz' response to a question asked about the date of his sixth birthday and comments made while performing the sobriety test were the kind of testimonial evidence that is protected because they reveal a person's thought process. We further reasoned that Muniz' responses were not spontaneous, voluntary verbalizations, but were compelled and, since the responses were elicited before *Miranda* warnings were given, the evidence should be excluded. Thus, we ruled that the audio portion of the tape should have been completely excluded and reversed this conviction, remanding for a new trial. *Commonwealth v. Muniz,* 377 Pa.Super. 382, 547 A.2d 419 (1988).

The Supreme Court of the United States granted certiorari in order to determine whether "various incriminating utterances of a drunk-driving suspect, made while performing a series of sobriety tests, constitute testimonial responses to custodial interrogations for purposes of the Self–Incrimination Clause of the Fifth Amendment." *Pennsylvania v. Muniz, supra,* —— U.S. at ——, 110 S.Ct. at 2641. The court went on to hold that the defendant's answers were not rendered inadmissible because his slurred speech was incriminating, "the physical inability to articulate words in a clear manner due to 'the lack of muscular coordination of his tongue and mouth,' Brief for Petitioner at 16, is not itself a testimonial component of Muniz' responses to Officer Hosterman's introductory questions." *Id.,* —— U.S. at ——, 110 S.Ct. at 2644. The court held that poor physical control and slurred speech are non-testimonial aspects of the defendant's responses and are similar to permissibly allowing a defendant to make known the physical manner of speech. This does not compel the speaker to give a testimonial response for purposes of the privilege against self incrimination.

The next issue was whether Muniz's answer to the question regarding his sixth birthday was incriminating because the trier of fact could infer from his response that he was in a state of confusion. Justice Brennan framed the issue in terms of whether the incriminating inference of mental

confusion was drawn from a testimonial act or from physical evidence. The Supreme Court determined that the sixth birthday question required a testimonial response. It stated that "Whenever a suspect is asked for a response requiring him to communicate an express or implied assertion of fact or belief, the suspect confronts the 'trilemma' of truth, falsity or silence and hence the response (whether based on truth or falsity) contains a testimonial component." *Id.*, — U.S. at ——, 110 S.Ct. at 2648 quoting, *Doe v. United States,* 487 U.S. 201, at 213, 108 S.Ct. 2341, at 2349, 101 L.Ed.2d 184 (1988). The court reasoned that Muniz did not have the option to remain silent due to the inherently coercive environment of custodial interrogation. He was then left to choose between incriminating himself by admitting that he did not know the date of his sixth birthday or giving a date that he did not believe was correct which would have been incriminating as well. The court concluded Muniz's response would allow the trier of fact to infer that he was mentally impaired because the response was different from what a clear thinking person would have said. His response was incriminating because he slurred his words and the nature of the question was testimonial; therefore, the response should have been suppressed.

With this analysis in mind we now turn to the claims of the Commonwealth. First, the Commonwealth claims that the trial court erred in suppressing the audio portion of the video tape which we have referred to as section three. The Commonwealth argues that the Appellee's Fifth Amendment rights had not been violated because Mr. Rishel's verbalizations were an exhibition of physical characteristics, i.e., slurred speech, rather than testimonial in nature, and were voluntary statements not the product of police interrogation. With this we agree. After the Appellee invoked his right to counsel following the recitation of the *Miranda* warnings, all interrogation of the Appellee by the police officer ceased. The statements made by Appellee in the third section of the video tape were voluntarily made and were not in response to any statement by the police officer

designed to elicit responses by Mr. Rishel. Since the incriminating nature of the statements were an exhibition of the physical characteristics and not testimonial in nature, and, since they were not a product of police interrogation, we conclude that the trial court erred in suppressing section three of the audio portion of the video tape on the basis of a violation of the Appellee's Fifth Amendment right against compelled self incrimination. *See also, Commonwealth v. Ramin,* 390 Pa.Super. 591, 568 A.2d 1329 (1990) (In driving under the influence case, admission of defendant's statements that he "had a few" drinks but was not drunk did not violate defendant's privilege against self incrimination even though he had previously stated he did not want to answer police questions without an attorney present, where the remark was spontaneous and voluntary).

■■■ The second issue that the Commonwealth raises in challenging the trial court's suppression of the audio portion of the third section of the video tape is that the trial court erred in suppressing the tape because Appellant's Sixth Amendment rights were violated. An accused is guaranteed the right to counsel when an attempt is made by the government to deliberately elicit information after adversarial proceedings are commenced. *Maine v. Moulton,* 474 U.S. 159, 170, 106 S.Ct. 477, 484, 88 L.Ed.2d 481 (1985). In Pennsylvania, a defendant's right to Sixth Amendment protection attaches at the time of arrest. *Commonwealth v. Waggoner,* 373 Pa.Super. 23, 540 A.2d 280 (1988). Since Rishel had already been arrested, his Sixth Amendment right to counsel applied during the videotaping at the police station. However, it must be determined whether the videotaping was a critical stage of adversarial proceeding against Appellant. Attempting to elicit information is a critical stage at which counsel must be present. *Id.* citing *Michigan v. Jackson* 475 U.S. 625, 629, 106 S.Ct. 1404, 1407, 89 L.Ed.2d 631, 638 (1986).

As previously discussed, the only information deliberately elicited by the police was Rishel's biographical information. Appellant's statements following the invocation of his right

to counsel, were not in response to an interrogation by the government. Consequently, counsel was not needed at the videotaping stage of the proceedings since the officer did not attempt to elicit incriminating statements from Appellant.

After carefully reviewing the videotape in this case, we conclude that Appellant did not make incriminating statements in response to a police interrogation, and the trial court erred by suppressing the audio on the third portion of the videotape.

We reverse and remand for proceedings consistent with this opinion. Jurisdiction relinquished.