STATE of Vermont v. Christine GRACE

[649 A.2d 225]

No. 91-614

May 21, 1993. Defendant Christine Grace appeals an involuntary manslaughter jury conviction. Defendant raises four issues on appeal: (1) the evidence was insufficient to warrant submission of an involuntary manslaughter charge to the jury; (2) the trial court improperly instructed the jury that involuntary manslaughter is a lesser-included offense of second-degree murder; (3) the self-defense instruction improperly included the term "imminent"; and (4) the instruction defined "imminent" in a manner that did not allow the jury to consider the belief of danger from defendant's perspective. We affirm.

In 1989, defendant stabbed and killed her live-in boyfriend. Defendant was charged with second-degree murder under 13 V.S.A. § 2303. Defendant claimed self-defense, focusing on the victim's abusive conduct toward her. The trial judge instructed the jury on second-degree murder and the lesser-included offenses of voluntary and involuntary manslaughter. The judge further instructed the jury on self-defense. The jury convicted defendant of involuntary manslaughter and defendant appeals.

Defendant's first contention is that there was insufficient evidence to

support a jury charge on involuntary manslaughter. We disagree. Instruction on a lesser-included offense is appropriate if the evidence supports a finding of guilt on the offense. *State v. Norton*, 147 Vt. 223, 234, 514 A.2d 1053, 1060 (1986). A conviction will be upheld if, after viewing the evidence in the light most favorable to the prosecution, the reviewing court finds any credible evidence justifying a guilty verdict. *State v. Warner*, 151 Vt. 469, 471, 560 A.2d 385, 387 (1989). Thus, in order to challenge the jury charge, defendant must show that there was no credible evidence justifying the guilty verdict of involuntary manslaughter.

Involuntary manslaughter is a killing caused by an unlawful act, but unaccompanied by any intention to take life. *State v. Poirier*, 142 Vt. 595, 598, 458 A.2d 1109, 1111 (1983). The minimum level of culpability for involuntary manslaughter is criminal negligence. *State v. Stanislaw*, 153 Vt. 517, 525, 573 A.2d 286, 291 (1990).

Viewing the evidence in a light most favorable to the prosecution, we find that there was sufficient evidence to justify the verdict. The evidence showed that defendant did not know she committed the act, had not wanted to kill the victim, could not recall where she had stabbed the victim, and wished the victim would not die. This evidence was sufficient to allow a reasonable jury to believe that defendant unintentionally caused her boyfriend's death and was criminally negligent in wielding the kitchen knife. In addition, defendant claims that the involuntary manslaughter instruction was erroneous because involuntary manslaughter and self-defense are mutually exclusive. Although the two acts may be mutually exclusive, the jury is not bound by defendant's particular theory of the case. Because there was sufficient evidence to support a jury verdict of involuntary manslaughter, there was no error in the charge, despite defendant's assertion of self-defense. See *State v. Anderkin*, 144 Vt. 240, 243–44, 487 A.2d 142, 143 (1984) (jury is free to believe or disbelieve any witness).

Second, defendant claims that the trial court erroneously instructed the jury on involuntary manslaughter as a lesser-included offense of second-degree murder. She argues that *State v. Stanislaw*, 153 Vt. at 525, 573 A.2d at 291, added a new element to the crime of involuntary manslaughter, requiring that defendant be unaware of the risk of death to the victim. This new element, defendant argues, establishes an additional and different element than the malice element of murder, which requires an awareness of the risk of death.

We disagree that *Stanislaw* established a new element for involuntary manslaughter. Prior to *Stanislaw*, our case law included criminal negligence as an element of involuntary manslaughter. See *State v. Valley*, 153 Vt. 380, 398, 571 A.2d 579, 588 (1989). In *Stanislaw*, this Court merely defined criminal negligence, stating, "Defendant must have disregarded a risk of death or injury '"of such a nature and degree that [his] failure to perceive it, considering the nature and purpose of his conduct and the circumstances known to him, involves a *gross deviation* from the standard of care that a reasonable person would observe in the actor's situation."'" 153 Vt. at 525, 573 A.2d at 291 (quoting *State v. Watson*, 138 Vt. 276, 280–81, 413 A.2d 806, 808 (1980) (quoting Model Penal Code definition of negligence, § 2.02(2)(d) (1962))) (emphasis in original).

Nor do we agree with defendant's characterization of criminal negligence as requiring defendant to be

unaware of the risk to the victim. As we stated in *State v. Brunell*, 159 Vt. 1, 7, 615 A.2d 127, 130–31 (1992), "[t]he difference between the implied intent to kill ("depraved heart" [malice]) required for second-degree murder, and the criminally negligent conduct for involuntary manslaughter, is the defendant's awareness of the risk and the degree of the risk." Our law, however, does not require that defendant be unaware of the risk of death for involuntary manslaughter, but rather states that "defendant need not be actually aware of the risk to the victim." *Id.* at 8, 615 A.2d at 131; cf. *State v. Wheelock*, 158 Vt. 302, 310, 609 A.2d 972, 977 (1992) (malice may be negated when defendant fails to perceive the risks apparent to a reasonable person). Because involuntary manslaughter differs from murder only in that it requires a lesser level of culpability and a lesser degree of risk, it is a lesser-included offense of murder. See *State v. Forbes*, 147 Vt. 612, 616–17, 523 A.2d 1232, 1235 (1987) (An offense is a lesser-included offense if all of the elements of the lesser offense are included in the greater offense, but the greater offense has elements that exceed the lesser).

Defendant's next contention is that the use of the term "imminent" is inappropriate under Vermont's self-defense law. Although the plain language of Vermont's self-defense statute does not limit self-defense to situations where the individual is in "imminent" danger, see 13 V.S.A. § 2305(1), Vermont case law has, on occasion, incorporated the concept of imminence. See, e.g., *State v. Wheelock*, 158 Vt. at 307, 609 A.2d at 975. Consequently, "imminence" may be used in a self-defense instruction.

Defendant's final contention is that the trial court improperly defined "imminent" as "almost immediately forthcoming" in its self-defense instruction. Defendant claims that the term "imminent" does not require a temporal relation between the threat and the resultant act, and the court's use of the word "immediately" improperly limited the jury's application of self-defense to acts occurring within a narrow time span. This in turn, defendant claims, prevented the jury from considering the fear of danger from defendant's perspective. Defendant never brought to the court's attention that she believed that the term "imminent" was improperly defined. Failure to object to an instruction after it is given to a jury is considered a waiver of any error. V.R.Cr.P. 30. Because this issue was not preserved and defendant makes no plain error argument on appeal, we will not address the issue. See *State v. LaGoy*, 136 Vt. 39, 42, 383 A.2d 604, 606 (1978) ("Ordinarily, what is not raised below, we will not consider here.").

*Affirmed.*