## State of Vermont v. Charles D. Parizo

[655 A.2d 716]

No. 91-264

Present: **Allen, C.J., Gibson, Dooley, Morse and Johnson, JJ.**

Opinion Filed December 23, 1994

*Scot Kline*, Chittenden County State's Attorney, and *Pamela Hall Johnson*, Deputy State's Attorney, Burlington, for Plaintiff-Appellee.

*Charles S. Martin* and *James Teixteira*, Law Clerk (On the Brief), of *Martin & Paolini*, Barre, for Defendant-Appellant.

**Gibson, J.** Defendant Charles Parizo challenges his conviction for attempted murder, alleging that he had a constitutional right to counsel at a preindictment lineup; that the Vermont public defender statute required the state to provide him with counsel at the lineup; that the nontestimonial identification order requiring his presence at the lineup did not conform to law; and that the court committed reversible error in failing to instruct the jury on a lesser-included charge of aggravated assault.* We affirm.

---

\* Although the concurring opinion contends that the first two issues were not argued by defendant before the trial court, that court nevertheless ruled on both issues in

On October 8, 1986, a parking garage attendant in Burlington was shot by a man he and others were pursuing following a purse-snatching incident. On September 29, 1989, defendant was served with a nontestimonial identification order to appear for a lineup and voice identification in connection with the shooting. See V.R.Cr.P. 41.1 (setting forth procedures for obtaining such order). Defendant was incarcerated on an unrelated charge at the time. He attempted to secure an attorney to represent him at the lineup, but was unable to do so. Although the police routinely allow attorneys to be present at such lineups, defendant did not repeat his request for counsel at the time of his appearance, and none was present on his behalf. Three witnesses identified defendant, who was then charged with attempted murder. Defendant moved to suppress testimony obtained as a result of the lineup, but the court denied the motion. Subsequently, defendant was convicted by a jury, and this appeal followed.

■ Defendant contends that Chapter I, Article 10 of the Vermont Constitution entitled him to counsel at the preindictment lineup. That provision states, in relevant part, "[t]hat in all prosecutions for criminal offenses, a person hath a right to be heard by himself and his counsel." Vt. Const. ch. I, art. 10. In denying defendant's motion to suppress, the trial court stated, "Like its federal counterpart, the Vermont Constitution's right to counsel is premised on there being a 'criminal prosecution.'" We agree that a preindictment lineup is not the equivalent of a criminal prosecution and does not trigger a right to counsel under the Vermont Constitution.

■ At the time of the lineup, defendant had not been arrested for or charged with any offense connected with the crime that was being investigated. Reasonable grounds supporting a nontestimonial identification order need not amount to the probable cause necessary to justify an arrest. V.R.Cr.P. 41.1(c)(2). Under the federal constitution, the right to counsel only attaches at or after the time adversary judicial proceedings have been initiated – whether by way of formal charges, preliminary hearing, indictment, information or arraignment. See *Kirby v. Illinois*, 406 U.S. 682, 688-89 (1972) (plurality opinion). Nevertheless, defendant urges us to conclude that protections under the Vermont Constitution are broader than those afforded by the federal constitution. Defendant points to the words, "a person

---

its suppression order. The parties have fully briefed and argued the issues on appeal. We therefore address them herein.

hath a right to be heard by himself and his counsel." Vt. Const. ch. I, art. 10. In focusing on these words, however, defendant ignores the preceding phrase in the same sentence: "in all *prosecutions.*" *Id.* (emphasis added). At the time of the lineup, no prosecution had yet commenced.

Defendant cites to jurisdictions that have held that their state constitutions entitle a defendant to counsel at a preindictment lineup. See, e.g., *Blue v. State*, 558 P.2d 636, 640-41 (Alaska 1977); *People v. Bustamante*, 634 P.2d 927, 935-36, 177 Cal. Rptr. 576, 585 (1981). We have followed the United States Supreme Court, however, in holding that the right to counsel attaches "upon formal charge, preliminary hearing, indictment, information or arraignment, because these mark the beginnings of a criminal proceeding." *State v. Smith*, 140 Vt. 247, 252-53, 437 A.2d 1093, 1095 (1981). The majority of jurisdictions are in accord. *Bustamante*, 634 P.2d at 939, 177 Cal. Rptr. at 588 (Richardson, J., dissenting) (thirty-seven states have adopted *Kirby* rule); see, e.g., *Campbell v. State*, 426 S.E.2d 45, 46 (Ga. Ct. App. 1992); *People v. Williams*, 614 N.E.2d 7, 10 (Ill. App. Ct. 1991); *Parsley v. State*, 557 N.E.2d 1331, 1334 (Ind. 1990); *State v. Ronnebaum*, 449 N.W.2d 722, 724 (Minn. 1990); *People v. Hawkins*, 435 N.E.2d 376, 382, 450 N.Y.S.2d 159, 165 (1982); *State v. Mills*, 582 N.E.2d 972, 984-85 (Ohio 1992); *Commonwealth v. Rishel*, 582 A.2d 662, 665-66 (Pa. Super. Ct. 1990).

The dividing line between an investigatory proceeding and a "critical stage" of a criminal proceeding, when the right to counsel adheres, see *Smith*, 140 Vt. at 252, 437 A.2d at 1095, is the point at which "the government has committed itself to prosecute, and . . . a defendant finds himself faced with the prosecutorial forces of organized society, and immersed in the intricacies of substantive and procedural criminal law." *Kirby*, 406 U.S. at 689. We have followed *United States v. Wade*, 388 U.S. 218, 227-28 (1967), in holding that the taking of nontestimonial evidence in the form of fingerprints, blood samples and dental impressions is not a critical stage requiring notice to defendant's counsel. *State v. Howe*, 136 Vt. 53, 63, 386 A.2d 1125, 1131 (1978); see also *State v. Kennison*, 149 Vt. 643, 647, 546 A.2d 190, 193 (1987) (taking of blood sample pursuant to ex parte post-arraignment nontestimonial order, without giving notice to defense counsel or opportunity to be heard on application, did not violate defendant's right to counsel under Vermont Constitution). We hold that a preindictment lineup is not a critical stage of the proceedings,

and that defendant's right to counsel under the Vermont Constitution was not violated.

■ Defendant also contends that Vermont's public defender statutes give him a right to counsel at a preindictment identification lineup, an issue that was raised at hearing by the trial court on its own motion. The statutes provide, in relevant part:

> A needy person who is being detained by a law enforcement officer without charge or judicial process, or . . . is being detained under a conviction of a serious crime, is entitled:
>> (1) To be represented by an attorney to the same extent as a person having his own counsel . . . .

13 V.S.A. § 5231.

> A needy person who is entitled to be represented by an attorney under section 5231 of this title is entitled:
>> (1) To be counseled and defended at all stages of the matter beginning with the earliest time when a person providing his own counsel would be entitled to be represented by an attorney . . . .

13 V.S.A. § 5233(a). It is clear on their face that these statutes provide no greater right to counsel to a needy person than to any other individual. The fact that defendant was serving a sentence for an unrelated offense at the time of the lineup gives him no additional rights. Presence of counsel for defendant at his preindictment lineup was not required by statute.

■■ Defendant next claims that the nontestimonial order to appear in the lineup was irregular because the following paragraph, which incorporated a requirement of V.R.Cr.P. 41.1(h)(6), was crossed out:

> If you file a written request with me within three days after receipt of this order, I will make any reasonable modification of the time and place of appearance, including an order that any nontestimonial identification procedure other than a lineup be conducted at your place of residence.

The cross-out was unexplained. Defendant contends that the deletion deprived him of the opportunity to request a postponement of the lineup, and that the identifications should have been suppressed. We agree with the trial court, however, that the deletion does not compel suppression. A court issuing a nontestimonial identification order is

permitted, on request of the person named in the order, to change the time and place of the appearance "whenever it appears reasonable under the circumstances to do so." *Id.* 41.1(e). A delay in defendant's lineup might have put it beyond the statute of limitations for the crime with which defendant eventually was charged, but that factor, standing alone, would not have justified postponing the lineup. The trial court found that defendant had failed to present a basis for postponement had he sought one. The record reveals no ground for delay, and absent a showing of prejudice by defendant, reversal is not required. Cf. *State v. Jones*, 160 Vt. 440, 446, 631 A.2d 840, 845 (1993) (to establish reversible error under V.R.Cr.P. 16, defendant must show both violation of rule and resulting prejudice).

■ Defendant's claim that the State violated V.R.Cr.P. 16.1(a)(2) in failing to notify his attorney of the lineup is meritless. The rule governs lineups and other identification procedures pursuant to court order following a defendant's initial appearance before a judicial officer. Reporter's Notes, V.R.Cr.P. 16.1. The lineup in this case was prior to any appearance before a judicial officer, and the rule does not apply.

■ Finally, defendant claims the denial of counsel's request for an instruction on the lesser-included offense of aggravated assault was reversible error. Defendant failed to object after the court's charge was given to the jury, and makes no plain error argument. Therefore, this claim is waived on appeal, and we shall not address it. *State v. Grace*, 160 Vt. 623, 625, 649 A.2d 225, 227 (1993) (mem.); *State v. Wheelock*, 158 Vt. 302, 306, 609 A.2d 972, 975 (1992); V.R.Cr.P. 30.

*Affirmed.*

**Morse, J.,** concurring. I concur, but do not reach the merits of the first two issues because, in my view, they were not preserved for our consideration. The Vermont constitutional claim was mentioned in the title of defendant's memorandum of law in support of his motion to dismiss, but not argued in the trial court. Defendant did not argue reliance on the Public Defender Statute even though invited to do so by the trial court. I believe we should wait until those issues are preserved before deciding their merits. Otherwise, issues not deemed essential or important enough to pursue by the parties may be unilaterally injected for review by the trial court. Issues of plain error, not of first impression, should be raised by the court sua sponte.