**STATE of Vermont v. Travis J. LANG**

[702 A.2d 135]

No. 95-477

September 23, 1997. Defendant Travis Lang appeals his conviction for first-degree murder, claiming that his taped,

pre-information statements to an informant were admitted at trial in violation of the Sixth Amendment, the Vermont public defender statutes, and Disciplinary Rule 7-104(A)(1) of the Code of Professional Responsibility. Without these statements, defendant argues, the evidence was insufficient to convict him. We hold that the trial court properly admitted the taped statements, and affirm.

Although the murder occurred in 1988, information connecting defendant to the incident surfaced much later. In April 1991, while defendant was in custody for want of bail regarding an unrelated armed robbery case, the Chittenden County State's Attorney wrote to defendant's then lawyer, asking if defendant would like to cooperate with the prosecution concerning "a most serious crime [that] took place in the county some time ago." Defendant's counsel wrote back, indicated a willingness to cooperate, but the state's attorney abandoned the inquiry without responding.

In February 1992, an informant offered to provide the State information about the murder in return for leniency concerning gambling charges. The police asked the informant to discuss the murder with defendant and obtained a warrant to provide the informant with an electronic surveillance device so they could record and listen to conversations. During the recorded conversation with the informant, defendant made a number of incriminating statements pointing to his involvement in the homicide. Based on this evidence, the state's attorney filed an information charging defendant with first-degree murder.

Defendant contends that his recorded statements were taken in violation of the right to counsel provided by the Sixth Amendment to the United States Constitution. His argument is that he was represented by counsel, and any interrogation should have occurred only in the presence of counsel. Although the Sixth Amendment prohibits the State from interrogating a criminal defendant outside the presence of counsel, it applies only when "judicial proceedings have been initiated." *Brewer v. Williams*, 430 U.S. 387, 398 (1977). Thus, the right to counsel attaches only at or after the initiation of adversarial proceedings against the defendant — whether by way of formal charge, preliminary hearing, indictment, information, or arraignment. *United States v. Gouveia*, 467 U.S. 180, 187-88 (1984). Further, the right is offense-specific. It cannot be invoked for a specific offense unless formal adversarial proceedings concerning that offense have been initiated. *McNeil v. Wisconsin*, 501 U.S. 171, 175-76 (1991). The conversation with the informant occurred before any adversarial proceedings had commenced and thus before the Sixth Amendment provided a right to counsel. There was no violation of the Sixth Amendment.

Similarly, there was no violation of the public defender statute. Under the statute, the right to counsel is triggered when a "needy person ... is being detained by a law enforcement officer without charge or judicial process, or ... is charged with having committed or is being detained under a conviction of a serious crime." 13 V.S.A. § 5231. The statute provides no greater right to counsel to a needy person than is available to any other individual. See *State v. Parizo*, 163 Vt. 103, 107, 655 A.2d 716, 718 (1994).

Finally, defendant contends that the taped conversations violated Disciplinary Rule 7-104(A)(1) of the Code of Professional Responsibility, which directs that a lawyer shall not: "[c]ommunicate or cause another to communicate on the subject of the representation with a party he knows to be represented by a lawyer in that matter unless he has the prior consent of the lawyer representing such other party or is authorized by law to do so." DR 7-104(A)(1). Much of the briefing and argument on this point has centered on

whether defendant was a "party" for purposes of the disciplinary rule before the commencement of the criminal case. Defendant argues that we took a broad view of the term "party" in DR 7-104(A)(1) in *In re Illuzzi*, 159 Vt. 155, 159-60, 616 A.2d 233, 236 (1992), and making the filing of a criminal case a prerequisite to "party" status is inconsistent with that decision. The State counters that *Illuzzi* does not apply to a criminal proceeding and that the better-reasoned decisions require initiation of a prosecution. See *United States v. Ryans*, 903 F.2d 731, 739-40 (10th Cir. 1990) (distinguishing between "party" and "person"); *United States v. Infelise*, 773 F. Supp. 93, 95 n.3 (N.D. Ill. 1991) (no-contact rule does not apply to investigation prior to initiation of adversarial proceedings). We need not resolve this issue because, even if defendant were a "party" at the time of the recorded conversation with the informant, there was no violation of the ethical rule.

We have three reasons for our view. First, defendant was not represented by counsel in this matter at the time of the undercover operations. As we have already discussed, defendant's Sixth Amendment right to counsel had not yet attached at the time of defendant's conversation with the informant, nor had defendant been charged with any crime connected to this homicide. In any case, we would hesitate to extend this rule to so-called career criminals who retain permanent counsel in order to immunize themselves from infiltration by informants. See generally *United States v. Hammad*, 858 F.2d 834, 839 (2d Cir. 1988); P. Karlan, *Discrete and Relational Criminal Representation: The Changing Vision of the Right to Counsel*, 105 Harv. L. Rev. 670, 701 (1992). Second, the informant was not acting as the "alter ego" of the prosecutor; he was directed by the police, not the state's attorney, on how to elicit information from defendant. See

*United States v. Heinz*, 983 F.2d 609, 613 (5th Cir. 1993) (co-defendant who cooperated with IRS agent was not alter ego of prosecutor); *United States v. Gray*, 825 F. Supp. 63, 64 (D. Vt. 1993) (investigative agents who acted independently of prosecutor were not prosecutor's alter ego). Third, the rule has an exception for communications authorized by law, and we believe it applies to these undercover operations. Compare *United States v. DeVillio*, 983 F.2d 1185, 1191-92 (2d Cir. 1993) (use of undercover informant was authorized by law where, although defendant had retained counsel, his Sixth Amendment rights had not yet attached) with *Hammad*, 858 F.2d at 840 (use of falsified subpoena against defendant who had retained counsel constituted misconduct).

*Affirmed.*