*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

# ENTRY ORDER

SUPREME COURT DOCKET NO. 2013-329

JULY TERM, 2014

| | | |
|---|---|---|
| State of Vermont | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Windham Unit, |
| v. | } | Criminal Division |
| | } | |
| | } | |
| David Piquette | } | DOCKET NO. 1343-12-11 Wmcr |

Trial Judge: David T. Suntag

In the above-entitled cause, the Clerk will enter:

Defendant appeals from his convictions of sexual assault and domestic assault following a jury trial. He argues that the court erred in denying his motion for a mistrial. We affirm.

Defendant was charged with sexual assault, domestic assault, and kidnapping in December 2011. The victim, who lived in New York, testified at trial that she met defendant online in the summer of 2011 and they began dating. In November 2011, she moved in with defendant in Vermont. On the evening in question, the victim told defendant that she planned to return home to New York. A physical and verbal fight ensued. Defendant grabbed the victim and told her that she was not leaving. He forced the victim to have sex with him several times. The victim left the next day and contacted police.

A police lieutenant from the Brattleboro Police Department (BPD) testified at trial, and his testimony gave rise to the motion for mistrial. The officer explained that there were two divisions within the BPD and that he worked in the detective division. When asked to describe his responsibilities, the officer responded, "To investigate pretty much any and all—any type of offenses which require a little bit more . . . investigation as compared to what the patrol officers would do, serious crimes such as homicides, sexual assaults, child sexual assaults, a lot of the major felony-type offenses." Defense counsel moved for a mistrial based on this statement. Counsel asserted that the officer had impermissibly indicated that he investigated "felony" cases, which could suggest to the jury the potential sentence defendant might receive if convicted.

The court denied the motion. It found no prejudice resulting from the officer's statement that he investigated serious cases as it presumed that the jury viewed this case as a serious matter. To the extent that the officer's use of the word "felony" raised an issue concerning sentencing, the court similarly found no prejudice. Even if the jurors understood the potential penalty associated with a felony, and understood that the officer's comment raised a sentencing issue, the issue had been barely touched upon. The court reasoned, moreover, that discussions of potential sentencing information tended to prejudice the State, not the defense. It found its decision supported by case law. The court indicated that it would give a curative instruction if defendant sought one. Defendant did not request such an instruction. The jury found defendant guilty of sexual assault and domestic assault and this appeal followed.

Defendant maintains that the court erred in denying his motion for a mistrial. According to defendant, the officer "bolstered the importance of this case, not only telling the jury that it is a felony, which most will necessarily understand to carry heightened punishment, but also telling the jury that it is so serious it warrants special attention." Viewed in the light of the entire proceeding, defendant asserts that the comments had the capacity to affect the verdict because the officer "only gets involved in the most important serious felony cases that require heightened attention," and that if "[the officer] was involved, [defendant] must have committed some serious felony, he must be guilty of something." Defendant points to his acquittal of the charge of kidnapping and the lesser-included offense of unlawful restraint, and argues that this shows that the evidence of guilt in this case was not overwhelming.

We defer to the trial court's ruling on review. State v. Messier, 2005 VT 98, ¶ 15, 178 Vt. 412. As we have explained, "[t]he disposition of a motion for mistrial is discretionary, and, as such, a claim of error can be supported only where the trial court's discretion was either totally withheld, or exercised on clearly untenable or unreasonable grounds." Id. Reversal is warranted "only when the moving party demonstrates prejudice, which must be determined according to the facts of each case in the context of the entire proceeding." Id.; see also State v. Squiers, 2006 VT 26, ¶ 21, 179 Vt. 388 (explaining that where party argues that jury was tainted by extraneous influence, he must first show that an irregularity occurred and that it had capacity to affect jury's result; trial court has broad discretion in ruling on such claim). We find no abuse of discretion here.

As the trial court explained, the fact that the officer investigated "serious" crimes came as no surprise to the jury, which presumably recognized this as a serious case. The court found no harm to either side from such comment, noting that it did not suggest anything about defendant's character and it likely prompted the jury to pay more attention to the trial. The officer did not tell the jury that this case was "so serious it warrants special attention," as defendant posits, nor did defendant raise this argument below. See State v. Parizo, 163 Vt. 103, 108 (1994) (holding that Supreme Court will not review arguments that were not raised below absent a claim of plain error). The officer's use of the word "felony" touched only by implication on the issue of sentencing and, as the trial court observed, we have rejected a claim of prejudicial error where the reference to sentencing was much more direct. See State v. Reuschel, 131 Vt. 554, 557-58 (1973) (finding no prejudicial error where trial court stated, in response to concern voiced by a juror, that if defendant was found guilty, court did not have the power to impose the death penalty). No reasonable juror could construe the officer's description of his job responsibilities as a suggestion that defendant "must be guilty of something." Finally, the fact that defendant was acquitted of kidnapping does not support defendant's claim of prejudice. As the State points out, it equally tends to show the absence of prejudice. The court did not err in denying defendant's motion for a mistrial.

Affirmed.

BY THE COURT:

_____
Marilyn S. Skoglund, Associate Justice

_____
Beth Robinson, Associate Justice

_____
Geoffrey W. Crawford, Associate Justice

2