J-S31044-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| BENJAMIN J. BRITFORD | |
| Appellant | No. 2021 MDA 2014 |

Appeal from the Judgment of Sentence of October 28, 2014
In the Court of Common Pleas of Lycoming County
Criminal Division at No.: CP-41-CR-0000280-2013

BEFORE:  BENDER, P.J.E., ALLEN, J., and WECHT, J.

MEMORANDUM BY WECHT, J.:                          **FILED JUNE 05, 2015**

Benjamin J. Britford appeals his October 28, 2014 judgment of sentence.  We affirm.

The following factual history is derived from the Commonwealth and Britford's recitation of the facts at Britford's guilty plea hearing.  On February 1, 2013, a confidential informant ("CI") set up a meeting with Britford to purchase heroin.  Britford did not attend the meeting, but another person appeared and sold 0.28 grams of heroin to the CI.  On February 7, 2013, the CI set up another meeting with Britford.  That time, Britford arrived and sold the CIfifteen bags of heroin, totaling 1.2 grams, to the CI.  After Britford was arrested, police found a gun in Britford's car.  Police obtained a search warrant and searched Britford's residence.  They recovered three additional

guns, including a stolen gun, and three more bundles of heroin, totaling 1.3 grams.

The sentencing court provided the following summary of the procedural history of this case:

> On January 8, 2014, [Britford] plead[ed] no contest to Count 1, criminal conspiracy (to deliver heroin), an ungraded felony, and Count 2, criminal use of a communications facility (to arrange the sale of heroin), a felony of the third degree. [Britford] plead[ed] guilty to Count 3, delivery of a controlled substance (heroin weighing between one gram to less than five grams), a felony, Count 4, possession with intent to deliver (with a firearm within reach or in close proximity at the time of the offense), an ungraded felony, Count 5, criminal use of a communication facility (to arrange the sale of heroin), a felony of the third degree, Count 6, receiving stolen property, a felony of the second degree, and Count[] 7, possession with intent to deliver (with a firearm in close proximity to the controlled substance), an ungraded felony.[2] . . .
>
> > [2] 18 Pa.C.S.A. § 903(a)(1); 18 Pa.C.S.A. § 7512; 35 P.S. § 780-113(a)(30); 35 P.S. § 780-113(a)(30); 18 Pa.C.S.A. § 7512; 18 Pa.C.S.A. § 3925(a); 35 P.S. § 780-113(a)(30). On January 7, 2014, the Information filed against [Britford] was amended to add the following language: For Count 3- TO WIT: in the course of committing this offense, the defendant possessed a quantity of heroin weighing between one (1) gram to less than five (5) grams. For Count 4- TO WIT: At the time of the offense a firearm was with the Defendant's reach or in close proximity to the controlled substance. For Count 7- TO WIT: At the time of the offense a firearm was in close proximity to the controlled substance.
>
> On October 28, 2014, [the court] sentenced [Britford] within the standard range of the recommended guidelines. [The sentencing court] note[d] that the sentences on the criminal conspiracy counts run concurrent to the related counts. In addition, [Britford] was made RRRI eligible, making him eligible for a lesser minimum sentence.

Sentencing Court Opinion ("S.C.O."), 1/20/2015, at 1-2 (citations modified).

Britford was sentenced to twelve to twenty-four months of incarceration on each of Counts 1 and 3; six to twelve months of incarceration on each of Counts 2 and 5; and sixteen to thirty-two months of incarceration on each of Counts 6 and 7. The court found that Count 4 merged for sentencing purposes. Additionally, the court found that Britford's minimum sentence due to RRRI eligibility was reduced to nine months for Counts 1 and 3, and to twelve months for Counts 6 and 7. Counts 1, 3, 6, and 7 were ordered to run consecutively to each other. Counts 2 and 5 were ordered to run concurrently. The aggregate sentence, without consideration of RRRI, was fifty-six to 112 months' incarceration.

On November 14, 2014, Britford filed a post-sentence motion, in which he alleged that his sentence was excessive and that the court did not consider certain factors. On November 18, 2014, the sentencing court denied the motion.

On November 24, 2014, Britford filed a notice of appeal. On the same day, the sentencing court ordered Britford to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Britford timely complied. On January 20, 2015, the sentencing court filed an opinion pursuant to Pa.R.A.P. 1925(a).

Britford raises one issue on appeal:

Did the trial court abuse its discretion when imposing a minimum sentence of 56 months, a sentence within the standard range of the sentencing guidelines, where [Britford's] conduct was less

- 3 -

than egregious, he served a significant period of incarceration prior to sentencing, he had no prior criminal record, and his pre-sentence investigation indicated the likelihood of re-offense is minimal?

Britford's Brief at 4.

Britford's challenge implicates the discretionary aspects of his sentence. Our standard of review for a such challenge is as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Hoch*, 936 A.2d 515, 517–18 (Pa. Super. 2007) (citation omitted).

The right to appellate review of the discretionary aspects of a sentence is not absolute, and must be considered a petition for permission to appeal. *See Hoch*, 936 A.2d at 518 (citation omitted). An appellant must satisfy a four-part test to invoke this Court's jurisdiction when challenging the discretionary aspects of a sentence.

> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether appellant's brief has a fatal defect; and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

*Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010) (citations omitted).

***Commonwealth v. Buterbaugh***, 91 A.3d 1247, 1265-66 (Pa. Super. 2014) (citations modified).

Here, Britford filed a timely notice of appeal. However, his post-sentence motion was filed untimely. A defendant has ten days after the imposition of sentence to file a post-sentence motion. Pa.R.Crim.P. 720(A)(1). Britford's sentence was imposed on October 28, 2014. To be timely, any post-sentence motion would have to be filed no later than November 7, 2014. Britford's post-sentence motion was not filed until November 14, 2014.

Generally, an untimely post-sentence motion does not preserve any issues for appellate review. "The failure to [file the motion within ten days] waives any complaint concerning sentence that does not involve the lawfulness of the sentence itself." ***Commonwealth v. Magnum***, 654 A.2d 1146, 1148 (Pa. Super. 1995); ***see Commonwealth v. Feucht***, 955 A.2d 377, 383 (Pa. Super. 2008) ("To preserve issues concerning the discretionary aspects of sentencing, a defendant must raise them . . . in a timely post-sentence motion.").

However, when the sentencing court considers the merits of the issue raised in the untimely post-sentence motion, we have reviewed the the issue on the merits. ***Commonwealth v. Ramin***, 568 A.2d 1329, 1331 (Ps. Super. 1990) ("Because the trial court considered Appellant's issue on its merits, we will not deem the issue waived."); ***see Kurtas v. Kurtas***, 555 A.2d 804, 806 (Pa. 1989) (plurality) ("In this instance, the trial court chose

to ignore the untimely filing of the appellant's post-trial motions and addressed the merits of her alleged errors. . . . [T]he Superior Court erred in not reviewing the merits of the appeal."); *Commonwealth v. Campbell*, 625 A.2d 1215, 1217 (Pa. Super. 1993); *Commonwealth v. Markovitch*, 565 A.2d 468, 470 (Pa. Super. 1989). Here, although the post-sentence motion was untimely, the sentencing court considered its merits in denying the motion on November 18, 2014 and addressed the motion on its merits in its Rule 1925(a) opinion. *See* T.C.O. at 2 n.3. Additionally, although Britford's post-sentence motion was untimely, the notice of appeal was not untimely. Because the sentencing court addressed the merits, we will not find Britford's issue to be waived because of his untimely post-sentence motion.

Britford has included a statement of reasons for allowance of appeal as is required by Pa.R.A.P. 2119(f). Britford's Brief at 7-8. Therefore, we must determine whether Britford has raised a substantial question.

> A substantial question will be found where an appellant advances a colorable argument that the sentence imposed is either inconsistent with a specific provision of the Sentencing Code or is contrary to the fundamental norms which underlie the sentencing process. At a minimum, the Rule 2119(f) statement must articulate what particular provision of the code is violated, what fundamental norms the sentence violates, and the manner in which it violates that norm.

*Commonwealth v. Mastromarino*, 2 A.3d 581, 585-86 (Pa. Super. 2010) (citation omitted).

In his Rule 2119(f) statement, Britford concedes that his sentence is within the standard guideline range. However, he contends that his sentence is excessive and too severe in relation to his conduct and "other sentencing factors." Britford's Brief at 7. Although not stated as such, Britford also argues that the sentencing court failed to consider certain mitigating factors, such as his compliance with supervised bail, his employment, his community involvement, and his low risk of recidivism, in crafting the sentence. *Id.* at 7-8.

A bald allegation of excessiveness does not raise a substantial question. **Commonwealth v. Titus**, 816 A.2d 251, 256 (Pa. Super. 2003). Similarly, a claim that the sentencing court failed to consider mitigating factors does not raise a substantial question. **Moury**, 992 A.2d at 175. However, and appellant raises a substantial question when an appellant jointly claims that a sentencing court imposed an excessive sentence and failed to consider substantial mitigating factors. **Commonwealth v. Perry**, 883 A.2d 599, 602 (Pa. Super. 2005). Therefore, Britford has raised a substantial question, and we proceed to the merits of his claim.

Britford argues that his sentence was excessive because he should have been sentenced at the lower range of the guidelines given the low risk he posed to the public. Britford's Brief at 10-11. Britford points to the fact that he was on intensive supervised bail and was stepped down to supervised bail given his compliance with the program. *Id.* at 11. Britford also notes his involvement in the community and his work with troubled

youth. *Id.* at 11-12. Britford was working at two jobs when he was sentenced. *Id.* at 12-13. Britford also had no prior criminal record and was cooperative upon his arrest. *Id.* at 13. For all these reasons, Britford maintains that the sentence was excessive and the court did not consider these factors.

> In determining whether a sentence is manifestly excessive, the appellate court must give great weight to the sentencing court's discretion, as he or she is in the best position to measure factors such as the nature of the crime, the defendant's character, and the defendant's display of remorse, defiance, or indifference.
>
> *Commonwealth v. Mouzon*, 828 A.2d 1126, 1128 (Pa. Super. 2003), citing *Commonwealth v. Ellis*, 700 A.2d 948, 958 (Pa. Super. 1997).

*Perry*, 883 A.2d at 603 (citations modified).

Here, the sentencing court had the benefit of a pre-sentence investigation report. When the sentencing court has that report, we may presume that the court was aware of "relevant information regarding the defendant's character" and that the court weighed those considerations. *Commonwealth v. Rhoades*, 8 A.3d 912, 919 (Pa. Super. 2010). The sentencing court also explicitly referred to the report in its sentencing order. Order, 10/28/2014, at 3 (unnumbered). The court noted that the case involved more than one incident of drug sales, the presence of firearms at the scene, and the danger that drugs and guns pose. The court found that the sentence imposed was necessary in order to deter Britford from further crime. *Id.* The court also noted Britford's post-arrest efforts to change.

- 8 -

Notes of Testimony ("N.T."), 10/28/2014, at 20. The court considered that the offense gravity scores for Britford's crimes were between five and eight. S.C.O. at 4-5. From this record, it is clear that the sentencing court considered the mitigating factors and the severity of Britford's crimes in crafting his sentence. In light of the record and the sentencing court's rationale, Britford's sentence is not so excessive as to constitute an abuse of discretion by the sentencing court. Therefore, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/5/2015