686 A.2d 397

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Kenneth A. GUY, Appellee.**

Superior Court of Pennsylvania.

Submitted Oct. 1, 1996.

Filed Nov. 18, 1996.

Reargument Denied Jan. 14, 1997.

Wayne B. Gongaware, Assistant District Attorney, Greensburg, for appellant Com.

Daniel Joseph, New Kensington, for appellee.

Before KELLY, JOHNSON and OLSZEWSKI, JJ.

OLSZEWSKI, Judge.

In this interlocutory appeal, the Commonwealth of Pennsylvania challenges adverse pre-trial rulings on a *motion in limine* to exclude evidence of prior sexual conduct of an alleged rape victim, as well as a ruling partially granting a defense request for discovery of drug and alcohol-related hospital records for the same alleged victim.

On March 30, 1994, appellee, Kenneth A. Guy, was arrested and charged by the Westmoreland County District Attorney's Office with one count each of rape, aggravated assault, recklessly endangering another person, kidnapping, and unlawful restraint. On October 11, 1994, a jury trial commenced before the Honorable J. Quint Salmon. On October 14, 1994, Judge Salmon declared a mistrial after the jury declared that they were hopelessly deadlocked. Appellee was thereafter appoint-

ed new counsel, Daniel Joseph, Esquire, and the case was rescheduled to be heard before the Honorable Gary Caruso.

Prior to trial, appellee filed a number of pre-trial motions, prompting the Commonwealth to file a *motion in limine* seeking to prevent the defense from: (1) presenting evidence of the victim's prior sexual conduct and (2) introducing evidence of prior drug use by the victim, including drug and alcohol records compiled by a local hospital subsequent to the alleged attack. The parties briefed the issues, and on November 9, 1995, Judge Caruso held an *in camera* hearing at which time he heard further argument from the parties.

Concerning the evidence relating to prior sexual conduct of the victim, Judge Caruso issued an order ruling that the contested evidence could be introduced to attack the credibility of the victim, should she testify at trial in a manner inconsistent with the proffered evidence. The court further ruled that the evidence was inadmissible for the purpose of showing bias or reason to fabricate, as the proffer by the defense was insufficient on the matter.

With respect to the drug and alcohol records from Westmoreland Regional Hospital, Judge Caruso ruled that the records were subject to an absolute statutory privilege and could not be used by either the Commonwealth or appellee in their cases-in-chief. Additionally, Judge Caruso ruled that the statutory privilege could be waived by the victim and used to impeach her credibility on cross-examination if she testified at trial in a manner at variance with the records.

The Commonwealth then requested that Judge Caruso stay the proceedings and certify the issue for appeal. Judge Caruso denied the motion, and on November 14, 1995, the Commonwealth filed an emergency application for stay and a petition for review to this Court. On that same day, the application for stay was granted by *per curiam* order. The petition for review was subsequently granted on January 30, 1996.[1]

1. In his brief, appellee presents an argument that evidence of the victim's prior sexual conduct is admissible to show bias and reason to

Although this matter has not yet proceeded to re-trial, the parties are in agreement that appellee and the alleged victim engaged in sexual intercourse on the night in question. Thus, the central factual determination to be adduced at trial will be whether the encounter was consensual.

■ Our standard of review when evaluating evidentiary issues is well settled. Trial judges are afforded broad latitude and discretion in determining the admissibility of evidence. Their learned determinations will not be disturbed absent a finding of an abuse of discretion. *See, e.g., Commonwealth v. Wharton*, 530 Pa. 127, 145, 607 A.2d 710, 719 (1992); *Commonwealth v. Holloman*, 424 Pa.Super. 73, 78–79, 621 A.2d 1046, 1049 (1993).

The issue of whether an alleged victim's past sexual history is admissible at trial requires a careful examination of this state's Rape Shield Law, as well as the voluminous caselaw that has developed over the years interpreting it. Pennsylvania's Rape Shield Law provides, in pertinent part:

**3104.  Evidence of victim's past sexual conduct**

**(a) General rule.**—Evidence of specific instances of the alleged victim's past sexual conduct, opinion evidence of the alleged victim's past sexual conduct, and reputation evidence of the alleged victim's past sexual conduct shall not be admissible in prosecutions under this chapter except evidence of the alleged victim's past sexual conduct with the defendant where consent of the alleged victim is at issue and such evidence is otherwise admissible pursuant to the rules of evidence.

18 Pa.C.S.A. § 3104(a).

■ The purpose of the Rape Shield statute is to prevent a trial from shifting its focus away from the culpability of the accused towards the virtue and chastity of the victim. By so doing, the legislature hoped to end the practice of those

fabricate. This Court will not address such a challenge due to appellee's failure to file his own appeal from the trial court's order disallowing the evidence to be introduced for that purpose. *See Commonwealth v. Rishel*, 399 Pa.Super. 413, 416–18, 582 A.2d 662, 664 (1990).

defense attorneys who elected to try the victim instead of defend their client. *See, e.g., Commonwealth v. Weber,* 450 Pa.Super. 32, 40, 675 A.2d 295, 298–99 (1996); *Commonwealth v. Widmer,* 446 Pa.Super. 408, 421–22, 667 A.2d 215, 222 (1995); *Commonwealth v. Smith,* 410 Pa.Super. 363, 367, 599 A.2d 1340, 1342 (1991).

In addition to the specific exception pertaining to prior consensual intercourse between the accused and the victim delineated in the statute, our Courts have recognized several other instances in which an alleged victim's prior sexual history may be introduced at trial. These exceptions to the general rule have been recognized in an effort to reconcile the effect of the statute in excluding evidence with the accused's sixth amendment right to confrontation and cross-examination. Specifically, evidence tending to directly exculpate the accused by showing that the alleged victim is biased and thus has a motive to lie, fabricate, or seek retribution is admissible at trial. *See, e.g., Weber,* 450 Pa.Super. at 42–43, 675 A.2d at 300; *Widmer,* 446 Pa.Super. at 421–22, 667 A.2d at 222; *Commonwealth v. Wall,* 413 Pa.Super. 599, 618–19, 606 A.2d 449, 459, *alloc. denied,* 532 Pa. 645, 614 A.2d 1142 (1992); *Smith,* 410 Pa.Super. at 367, 599 A.2d at 1342.

In an effort to ensure that evidence of a victim's past sexual conduct is truly relevant and exculpatory, our appellate Courts have developed a detailed procedure that the parties and the trial court must follow prior to admission of the evidence. Initially, a defendant wishing to introduce such evidence must make a specific, written proffer to the court. Once this threshold is fulfilled, the trial judge is required to hold an *in camera* hearing to determine whether the evidence is relevant, exculpatory, and necessary to the accused's defense. *Id.*

Instantly, the defense contends that the alleged victim has a past history of soliciting men to have sex with her in exchange for drugs. Appellee's defense hinges upon the consent of the alleged victim. It is his position that the alleged victim propositioned him on the evening in question and that they

then engaged in consensual intercourse in exchange for crack cocaine. The defendant believes that this version of events will not be believed by a jury unless the jury hears testimony that it was the alleged victim's custom or habit to act in a like manner. "It is his intention, through the introduction of the evidence described above, to place facts before the jury such that the jury can determine that [the victim] could be the type of individual that would exchange sex for drugs, thereby making his defense a credible defense." (Appellee's brief in response to Commonwealth's *motion in limine* at 3.)

The general nature of this proffer was buttressed at the *in camera* hearing, at which time appellee's counsel provided the court with two alleged occasions of prior similar conduct by the victim. The first instance involved certain unnamed witnesses who would supposedly testify that they witnessed the victim solicit drugs in a bar in exchange for sex, and that these same witnesses later observed the victim and the men from the bar having sex in a car. The second instance involved an unnamed restaurant owner who was said to have witnessed the victim and a restaurant employee engaged in oral sex in the kitchen of the restaurant. As to the second occasion, no mention was made that the sexual activity was being performed in exchange for drugs.

As previously stated, a specific proffer is but the threshold requirement for admissibility of a victim's past sexual conduct. Thereafter, a determination must be made that the evidence is relevant to exculpate the accused, more probative than prejudicial, and non-cumulative in nature.

In determining that the proffered evidence was admissible, Judge Caruso held that "the described conduct is not past sexual conduct because it only deals with solicitation and not a specific sexual act. Secondly, the evidence is relevant to attack the credibility of the alleged victim. The entire defense in the case is based upon who is to be believed concerning the events in question." (1925(a) decree at 2.)

This Court finds it necessary to first dispense with the belief that prior sexual solicitations are not covered by the

Rape Shield Law because they are not, in and of themselves, specific sexual acts. We have held to the contrary on several occasions, and re-affirm the same today.

As long ago as 1985, this Court held that a victim's criminal record, consisting of three convictions for solicitation and prostitution, was inadmissible to prove "consent to having sexual intercourse with appellant on the occasion at hand." *Commonwealth v. Dear,* 342 Pa.Super. 191, 199, 492 A.2d 714, 718 (1985). Similarly to the facts of the instant appeal, the appellant in *Dear* presented a consent defense and sought to introduce the victim's sexual history in order to buttress his claim that the victim solicited him on the evening in question.

Additionally, we have recently reiterated our long-standing interpretation of the Rape Shield Law to include evidence that is closely tied to the victim's chastity such that its admission would necessarily impinge upon her reputation for virtue. *Weber,* 450 Pa.Super. at 40, 675 A.2d at 298–99 (evidence that victim had an abortion fell under the auspices of the Rape Shield Law). This interpretation is in harmony with the intent of the statute, namely, to exclude evidence that is irrelevant to the truth-determining process.

Having determined that sexual solicitations are within the ambit of the statute, we must next consider whether the evidence is relevant. As applied to the Rape Shield Law, relevant evidence is that which may tend to directly exculpate the accused by showing, *inter alia,* bias, hostility, motive to lie or fabricate, evidence of a sexual encounter with another person on the date in question, or impeachment by use of a prior inconsistent statement. *See, e.g., Commonwealth v. Spiewak,* 533 Pa. 1, 7, 617 A.2d 696, 699 (1992); *Weber,* 450 Pa.Super. at 46, 675 A.2d at 301–02; *Widmer,* 446 Pa.Super. at 421–22, 667 A.2d at 222; *Wall,* 413 Pa.Super. at 616–18, 606 A.2d at 458–59; *Smith,* 410 Pa.Super. at 371–72, 599 A.2d at 1344.

It is equally true, however, that the same evidence cannot be used to bolster a consent defense when the admitted purpose of the evidence is to prove that the victim acted in

conformity with past behavior on the date in question. As this Court recently held, "[appellant] was seeking to bolster his claim of consent by portraying the victim as having been promiscuous. This, however, is precisely the type of evidence which the Rape Shield Law sought to exclude." *Widmer*, 446 Pa.Super. at 422, 667 A.2d at 222. It is for this specific purpose that the court below allowed the contested testimony. "The purpose of presenting such evidence is to attempt to show, through circumstantial evidence, that it is more likely than not that she did solicit the defendant on the night in question. Such testimony would thereby be relevant to attack the credibility of the alleged victim." (1925(a) decree at 2).

To allow such evidence to be introduced at trial would have the immediate and direct effect of shifting the focal point of the trial away from a determination of the events of the night in question to a determination of whether the victim had, in the past, acted in a manner that was less than virtuous. This result is unacceptable. Regardless of whether appellee's proffer is accurate, the victim must not be made to suffer such prejudice, ridicule and humiliation in payment for past indiscretions.

Because we have found fatal errors in the conclusions of the court below that the victim's sexual history was not covered by the Rape Shield Law and could be introduced to impeach the victim to show that she acted in conformity with past behavior, we must hold that the court abused its discretion in making its evidentiary ruling.

The Commonwealth next argues that the trial court erred in ordering that the victim could be impeached through use of hospital records pertaining to drug and/or alcohol treatment. Before reaching the merits of this issue, we must first dispense with appellee's counter-argument that this issue has been waived by the Commonwealth on behalf of the victim.

Procedurally, this issue first arose upon a defense motion for discovery of said records. The trial court granted the defense request on June 13, 1995. Subsequently, B. Patrick Costello, general counsel to Westmoreland Regional Hospital,

contacted Judge Caruso by way of letter and stated he had "serious concern" about the propriety of releasing the records due to the statutory privileges provided for in 71 P.S. § 1690.108. Attorney Costello further informed the Judge that he had spoken with attorneys for both appellee and the Commonwealth, and would agree to have the court inspect the records *in camera* in order to determine their relevance, if any. Thereafter, on August 22, 1995, Judge Caruso entered an amended order reflecting this change.

It is the position of appellee that "[a]s the Commonwealth agreed to the disclosure to the trial court for a relevancy determination, it has waived the issue that said records should not be disclosed." (Appellee's brief at 16.) The fundamental flaw in this reasoning is that it is not the province of the Commonwealth to waive a privilege that is held solely by the victim in the instant matter. This Court, in criminal and civil appeals alike, has held that "[t]he right to claim a privilege is a personal one belonging to the individual protected by the statutory privilege." *Sprague v. Walter,* 441 Pa.Super. 1, 43, 656 A.2d 890, 911 (1995). *See also Commonwealth v. Santiago,* 541 Pa. 188, 197–98, 662 A.2d 610, 614–15 (1995); *Commonwealth v. El,* 273 Pa.Super. 1, 11–12, 416 A.2d 1058, 1064 (1979); *Commonwealth ex rel. Romanowicz v. Romanowicz,* 213 Pa.Super. 382, 384–85, 248 A.2d 238, 240 (1968).

We must also disagree with appellee's contention that this issue has become moot as a result of Judge Caruso's ruling that the records are subject to statutory privilege. Were the order all-encompassing, appellee would have a more solid argument. Judge Caruso's order, however, included a ruling that the victim could waive the privilege by way of inconsistent testimony on direct or cross-examination. Therefore, the issue of whether the information is admissible is very much alive.

Prior to deciding whether the records are subject to full or partial statutory privilege, if any, it is necessary to make a preliminary determination as to their relevance. Evi-

dence is relevant if it has a tendency to make a material fact more or less likely than it would be without the evidence. *See, e.g., Commonwealth v. Johnson,* 536 Pa. 153, 157–58, 638 A.2d 940, 942 (1994); *Commonwealth v. Urrutia,* 439 Pa.Super. 227, 235–36, 653 A.2d 706, 710 (1995). A finding that the challenged evidence is irrelevant will necessarily render a determination of privilege unwarranted.

Applying the legal definition of relevance to the instant matter, this Court must disagree with the trial court that the alleged victim's prior history of drug use, as detailed in the hospital records, is relevant to a determination of whether the alleged victim acquiesced to have sex with appellee on the evening in question.

Relevant evidence that is offered to prove defects in a witness's ability to perceive or recollect accurately may be introduced for impeachment purposes. *See, e.g., In Interest of M.M.,* 439 Pa.Super. 307, 317, 653 A.2d 1271, 1276, *alloc. granted,* 544 Pa. 647, 664 A.2d 976 (1995). Certainly, evidence that the victim ingested drugs on the evening in question, prior to the alleged attack, would be relevant to a determination of whether the victim's recall was accurate. Appellee could pursue a line of questioning relative to the victim's state of mind during the time immediately surrounding the alleged attack. *Id.*

Any other questioning concerning a general history of drug abuse would be collateral to the matter at hand and only serve to sully the reputation of the victim in the eyes of the jury. For this reason, we must disagree with appellee's averment that "it is necessary to show that this victim in particular had a propensity and a habit for the use of drugs." (Appellee's brief in response to Commonwealth's *motion in limine* at 15.)

Because we have held that the contested evidence is not admissible on relevancy grounds, we do not reach the question of whether, if relevant, the evidence would nonetheless be inadmissible as subject to a statutory privilege.

The order of the trial court, pertaining to the admissibility of both the victim's prior sexual history and the victim's hospital records, is reversed.

Jurisdiction is relinquished.