J. S21020/17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| KEVIN MITCHELL, | : | |
| | : | |
| Appellant | : | |
| | : | No. 1098 WDA 2016 |

Appeal from the Judgment of Sentence July 19, 2016
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0014007-2015

BEFORE: LAZARUS, J., DUBOW, J., and STRASSBURGER, J.[*]

MEMORANDUM BY DUBOW, J.: **FILED JUNE 21, 2017**

Appellant, Kevin Mitchell, appeals from the July 19, 2016 Judgment of

Sentence entered in the Court of Common Pleas of Allegheny County

following his convictions after a jury trial for Unlawful Restraint of a Minor,

Terroristic Threats, Indecent Assault, Simple Assault, Corruption of Minors,

and Selling or Furnishing Liquor to Minors.[1]  After careful review, we affirm.

The trial court accurately summarized the factual history as follows:

> The evidence presented at trial established that [N.P.
> ("Complainant")], then 17 years old, is the [Appellant]'s half -
> sister, though with a significant difference in age ([Appellant]

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. § 2902(b)(1); 18 Pa.C.S. § 2706(a)(1); 18 Pa.C.S. § 3126(a)(2); 18 Pa.C.S. § 2701(a)(1); 18 Pa.C.S. § 6301(a)(1)(i); and 18 Pa.C.S. § 6310.1(a), respectively.

was 45 at the time of trial, [Complainant] was 18). [Complainant] had met [Appellant] when she was 8 or 9 years old, but was out of touch with him thereafter. When she was 16 years old, she reconnected with [Appellant] through an encounter with her father and the two stayed in touch with what [Complainant] described as a friendly brother-sister relationship. On October 24, 2015, [Appellant] and his housemates picked up [Complainant] from her independent living facility and brought her to their house. The group gathered in Eric McDonald and Pamela St. Esprit's room to listen to music, drink alcohol and smoke marijuana. [Appellant] told [Complainant] that he would take care of her so she could drink as much as she wanted. After [Complainant] had had several drinks, [Complainant] and [Appellant] got into an argument about a mutual friend, Denise and went back to [Appellant]'s room. [Appellant] locked the door, pushed [Complainant] onto his bed and attempted to pull off her leggings. When she struggled, he pinned her down and forced his penis into her mouth. He told her that if she continued to scream he would choke and kill her. Eventually [Complainant] was able to get free and she gathered her belongings and left the house. [Complainant returned to her independent living facility and made a telephone call to her friend Denise to disclose the assault.] She went to the Wilkinsburg Police Department the next day and reported the incident.

Trial Court Opinion, dated 12/6/16, at 2-3.

On March 30, 2016, Appellant filed an Omnibus Pre-Trial Motion providing, *inter alia*, notice of intent to introduce evidence of a prior sexual relationship between Appellant and Complainant pursuant to an exception to the Rape Shield Law, 18 Pa.C.S. § 3104. Omnibus Pretrial Motion, filed 12/6/16, at 3. The trial court granted the Motion, permitting Appellant to testify regarding the prior sexual relationship that he ended in order to show that Complainant was biased against Appellant and had a motive to lie.

A jury trial commenced on April 28, 2016. At trial, Appellant decided not to testify and thus, did not pursue introducing evidence that Complainant was biased. The Commonwealth, however, sought to introduce the evidence of Appellant's prior sexual relationship with Complainant and the trial court permitted such evidence over Appellant's objection.

The Commonwealth introduced the evidence of a prior sexual relationship through Detective Sergeant Wayne McKenith who testified that Appellant told him that Appellant, a few years ago, provided "jitney" car rides to Complainant in exchange for sex. N.T. Trial, 4/28/16-5/3/16, at 196-97. Appellant further disclosed that after approximately one year, Appellant learned that Complainant was his half-sister and stopped the sexual nature of the relationship, which upset Complainant. *Id.* at 198-200.

On May 3, 2016, a jury found Appellant guilty of Unlawful Restraint of a Minor, Terroristic Threats, Indecent Assault, Simple Assault, Corruption of Minors, and Selling or Furnishing Liquor to Minors.[2] On July 19, 2016, the trial court sentenced Appellant to a term of one to three years' incarceration.

Appellant filed timely Post-Sentence Motions, which the trial court denied. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following issues on appeal:

---

[2] The trial court granted Appellant's Motion for Judgment of Acquittal with regards to an Attempted Rape charge. 18 Pa.C.S. § 901(a). The jury found Appellant not guilty of Involuntary Deviate Sexual Intercourse and Incest of a Minor charges. 18 Pa.C.S. § 3123(a)(1) and 18 Pa.C.S. § 4302(b)(2), respectively.

1. Whether the trial court erred when it permitted the Commonwealth to introduce evidence that [Appellant] purportedly had a previous sexual encounter with [Complainant].

2. Whether the trial court abused its discretion when it determined that the verdict in this matter was not against the weight of the evidence.

Appellant's Brief at 4.

In his first issue, Appellant avers that the trial court erred when it permitted the Commonwealth to introduce the statement that Appellant made to Sergeant McKenith that Appellant had had a previous sexual encounter with Complainant. Appellant argues that because Appellant did not testify and introduce the evidence to show Complainant's bias, the evidence was evidence of prior acts and not admissible under Pa.R.E. 404(b). Appellant's Brief at 16.

We review the admissibility of evidence for an abuse of discretion. **Commonwealth v. Hairston**, 84 A.3d 657, 664 (Pa. 2014). "An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous." **Commonwealth v. Dillon**, 925 A.2d 131, 136 (Pa. 2007) (citation and quotation omitted). Moreover, "an erroneous ruling by a trial court on an evidentiary issue does not require us to grant relief where the error was harmless." **Commonwealth v. Chmiel,** 889 A.2d 501, 521 (Pa. 2005) (citation omitted).

As an initial matter, we recognize that evidence of a prior sexual relationship can be admissible for one purpose and then become inadmissible if that purpose no longer exists. *See* 18 Pa.C.S. § 3104; Pa.R.E. 404(b). In other words, evidence of a prior sexual relationship can be admissible if the defendant is asserting that Complainant is biased; if the defendant, however, decides not to assert such a claim, the evidence may no longer be admissible.

In this case, the trial court granted Appellant's Omnibus Pre-Trial Motion and permitted the evidence of a prior sexual relationship with Complainant because Appellant initially planned to use the evidence to establish Complainant's bias and motive to lie. Thus, the evidence would be admissible pursuant to an exception to the Rape Shield Law, 18 Pa.C.S. § 3104.

This Court has recognized that an alleged victim's prior sexual history may be introduced at trial if the evidence shows that the alleged victim is biased and thus has a motive to lie, fabricate, or seek retribution. *Commonwealth v. Guy*, 686 A.2d 397, 400 (Pa. Super. 1996). Therefore, we agree with the trial court's ruling that the evidence of a prior sexual relationship between Appellant and Complainant was admissible so long as Appellant was attempting to prove that Complainant was biased and had a motive to lie.

Once Appellant decided that he was not asserting Complainant's bias, however, the evidence was no longer admissible as an exception to the Rape Shield Law. Rather, the Commonwealth needed to establish an independent basis for its admissibility. The Commonwealth failed to do this and the trial court erred when it allowed Sergeant McKenith to testify about Appellant's statements.

The trial court erred in permitting this evidence for two reasons. First, as stated above, the evidence was inadmissible under the Rape Shield Law, as it no longer fell under an exception. *See* 18 Pa.C.S. § 3104; ***Guy, supra*** at 400.

Second, the evidence was inadmissible evidence of prior acts under Pa.R.E. 404(b). The Commonwealth cannot introduce evidence of prior acts for the sole purpose of blackening a defendant's character or demonstrating a defendant's propensity to commit crimes. ***Commonwealth v. Grzegorzewski***, 945 A.2d 237, 239 (Pa. Super. 2008); Pa.R.E. 404(b). Evidence of a prior act is inadmissible unless it is relevant to prove motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake. *See* Pa.R.E. 404(b)(2); ***see Chmiel, supra*** at 534.

Here, the evidence of a prior sexual relationship was not evidence to prove motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake. Accordingly, we find that the trial court erred in admitting this evidence.

Given that the trial court improperly admitted this evidence, the analysis turns to whether the erroneous admission of evidence was harmless error. In Pennsylvania, the harmless error doctrine "reflects the reality that the accused is entitled to a fair trial, not a perfect trial." *Hairston*, *supra* at 671 (citation and quotation omitted). The Pennsylvania Supreme Court has described the proper analysis as follows:

> Harmless error exists where: (1) the error did not prejudice the defendant or the prejudice was *de minimis;* (2) the erroneously admitted evidence was merely cumulative of other untainted evidence which was substantially similar to the erroneously admitted evidence; or (3) the properly admitted and uncontradicted evidence of guilt was so overwhelming and the prejudicial effect of the error was so insignificant by comparison that the error could not have contributed to the verdict.

*Commonwealth v. Robinson,* 721 A.2d 344, 350 (Pa. 1998) (citation omitted).

In the instant case, we find that any prejudicial impact of the error was *de minimis*, such that the error was harmless. As discussed above, Appellant himself considered presenting the evidence to prove that Complainant had a motive to lie. The record does not disclose any basis for concluding that the evidence prejudiced Appellant, rather the evidence had the tendency to impeach Complainant. In light of this, we do not believe that the erroneously admitted evidence contributed to the verdict against Appellant. Thus, we find that any prejudice to Appellant was *de minimis.* *See, e.g., Commonwealth v. Stetler*, 431 A.2d 992, 995 (Pa. 1981) (holding admission made by the appellant's child that the appellant shot the

victim after the victim "busted down our door" was harmless error where the record failed to disclose any basis for concluding that the out-of-court statement prejudiced appellant and the statement supported appellant's claim of self-defense). Accordingly, the improper admission of Appellant's prior sexual relationship with Complainant was harmless error. *See Robinson, supra* at 350.

In his second issue on appeal, Appellant claims that the trial court abused its discretion when it determined that the verdict in this matter was not against the weight of the evidence. Appellant's Brief at 19.

When considering challenges to the weight of the evidence, we apply the following precepts:

> The weight of the evidence is exclusively for the finder of fact, who is free to believe all, none or some of the evidence and to determine the credibility of the witnesses.
>
> Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

*Commonwealth v. Talbert*, 129 A.3d 536, 545-46 (Pa. Super. 2015), *appeal denied*, 138 A.3d 4 (Pa. 2016) (quotation marks and citations omitted).

Resolving contradictory testimony and questions of credibility are matters for the finder of fact. *Commonwealth v. Hopkins*, 747 A.2d 910, 917 (Pa. Super. 2000). Further, "[i]n order for a defendant to prevail on a challenge to the weight of the evidence, the evidence must be so tenuous, vague[,] and uncertain that the verdict shocks the conscience of the court." *Talbert, supra* at 546 (quotation marks and citation omitted). It is well-settled that we cannot substitute our judgment for that of the trier of fact. *Id*.

Appellant essentially asks us to reassess the credibility of Complainant and reweigh the testimony and evidence presented at trial. Appellant's Brief at 19-20. We cannot and will not do so. The jury found credible Complainant's testimony that Appellant forced her onto the bed, pinned her down using his arms, legs, and body weight, threatened to choke and kill her if she did not stop screaming, and put his penis in her mouth. The trial court opined, "[g]iven the evidence presented at trial and discussed above, there is no question that the verdict was appropriate and not 'shocking' to the conscience." Trial Court Opinion, dated 12/6/16, at 8. We agree. Thus, because the verdict was not so contrary to the evidence as to shock the

court's conscience, we conclude that the trial court properly denied Appellant's weight of the evidence claim.

Judgement of Sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/21/2017