J-S40034-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ANTHONY GARCIA | : | |
| | : | |
| Appellant | : | No. 1805 EDA 2019 |

Appeal from the Order Entered May 31, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0009348-2013,
CP-51-CR-0009371-2013

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ANTHONY GARCIA | : | |
| | : | |
| Appellant | : | No. 1807 EDA 2019 |

Appeal from the PCRA Order Entered May 31, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0009348-2013,
CP-51-CR-0009371-2013

BEFORE: SHOGAN, J., KING, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.: **FILED OCTOBER 05, 2020**

Appellant, Anthony Garcia, appeals from the order dismissing his first petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1] We affirm.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

The PCRA court recounted the relevant factual background as follows:

At trial, complainant A.L. testified that in the early morning hours of May 18, 2013, Appellant approached her on the street and offered her money for oral sex. A.L., a heroin addict at the time, agreed to the transaction and entered Appellant's car. Appellant drove A.L. to a secluded location where she performed oral sex on him in exchange for twenty dollars. Appellant was unable to maintain an erection and told A.L. he wanted vaginal sexual intercourse. A.L. told him he would have to pay more. Appellant refused to pay more. Instead, he pulled out a silver and black handgun which he pointed at A.L.'s head and asked her if she wanted to die. A.L. asked Appellant if he would really kill her over sex, and Appellant responded that he would. Appellant then brutally raped, sodomized, and digitally penetrated A.L. while holding a gun to her head throughout the incident and telling her that women like her deserved it. A.L. testified that she did not attempt to get out of Appellant's car because she thought he would shoot her.

Immediately after the rape, A.L. exited the car and walked down the street where she borrowed a stranger's cell phone to call police. Officer Joseph Hodge testified that when he responded to the call, he found A.L. to be highly upset and crying. Special Victims Unit Detective Keenya Taylor also stated that A.L. was very upset and crying when she spoke to her shortly after the incident. A.L. provided a description of Appellant, his vehicle and a partial license plate.

Complainant C.K. testified that in the early morning hours of June 9, 2013, approximately 3 weeks after the incident involving A.L., she encountered Appellant on the street where she was working as a prostitute. Appellant approached her and offered money in exchange for sex. C.K., also a heroin addict at the time, agreed to the transaction and entered Appellant's car. Appellant drove her to a secluded location where she performed oral sex for fifteen dollars. Again, Appellant was unable to maintain an erection and wanted vaginal sexual intercourse. C.K. refused. Appellant showed her an identification card with his picture and a police emblem, claiming he was a police officer. He demanded that she have sex with him or go to jail. C.K. cried and pleaded to be let out of the vehicle, but when she saw Appellant reach for something, she submitted out of fear. Appellant put his fingers in her vagina and anus and his penis in her vagina, brutally raping

her while choking her around the neck. Appellant ignored her pleas to stop and when C.K. told Appellant she was in great pain from a prior car accident, in which her hip was fractured, he told her he didn't care and raped her more forcefully. After Appellant finished, C.K. exited the vehicle and started walking away. . . . She encountered a person she knew and told him what happened. Police drove by and the person told the police C.K. was raped by a fellow police officer. Officers immediately transported [] C.K. to the Special [Victims] Unit. Officer Domenic Bowes and Detective Taylor testified that C.K. was upset and crying while in their company.

Both victims positively identified Appellant in photo arrays conducted at separate times. Appellant's DNA was found in both victims' rape kits. A search of Appellant's residence uncovered a loaded silver hand gun and an ID card for his license to carry that firearm. Notably, the license to carry the firearm has Appellant's photo, as well as a Philadelphia Police emblem. C.K. identified this card as the one shown to her by Appellant when he claimed to be a police officer.

PCRA Court Opinion, 3/16/20, at unnumbered pages 2-5 (citations to record omitted).

Appellant was charged at two lower court dockets and proceeded to a jury trial in October 2014. On October 27, 2014, the jury convicted Appellant of rape, involuntary deviate sexual intercourse, sexual assault, aggravated indecent assault, indecent assault, kidnapping, unlawful restraint, terroristic threats, possession of an instrument of crime, and impersonating a public servant.[2]  On July 17, 2015, the trial court sentenced Appellant to an aggregate term of imprisonment of 21 to 46 years.

_____

[2] 18 Pa.C.S. §§ 3121(a)(1), 3123(a)(1), 3124.1, 3125(a)(1), 3126(a)(2), 2901(a)(2)-(3), 2902(a)(1), 2706(a)(1), 907(a), and 4912, respectively.

- 3 -

Appellant appealed, and on May 10, 2017, this Court affirmed the judgment of sentence. ***Commonwealth v. Garcia***, No. 2749 EDA 2015 (Pa. Super. filed May 10, 2017). Appellant did not file a petition for allowance of appeal with our Supreme Court.

On June 8, 2018, Appellant filed this timely[3] PCRA petition, in which he claimed that

> trial counsel was ineffective because he failed to file or litigate a motion to pierce the Rape Shield Statute[4] despite the presence of unidentified DNA discovered in the Complainant's rape kit. Counsel failed to solicit testimony concerning this and neglected to file a motion *in limine*, even after he was prompted by the trial judge to do so.

PCRA Petition, 6/8/18, ¶7. In response to a motion to dismiss from the Commonwealth, the PCRA court filed a notice indicating its intent to dismiss the PCRA petition without a hearing in 20 days pursuant to Rule of Criminal Procedure 907. ***See*** Pa.R.Crim.P. 907(1). Appellant did not file a response

---

[3] Appellant's judgment of sentence became final on June 9, 2017, 30 days after the date upon which this Court affirmed his convictions. 42 Pa.C.S. § 9545(b)(3) ("[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review."); Pa.R.A.P. 1113(a) (providing that, subject to exceptions not relevant here, a petition for allowance of appeal to the Pennsylvania Supreme Court must be filed within 30 days of the entry of the intermediate appellate court order). As Appellant's petition was filed within one year of June 9, 2017, the petition was timely. 42 Pa.C.S. § 9545(b)(1) ("Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final. . .").

[4] 18 Pa.C.S. § 3104.

- 4 -

to the Rule 907 notice, and on May 31, 2019, the PCRA court entered an order dismissing the petition. Appellant thereafter filed a timely appeal.[5]

On appeal, Appellant raises the following issue: "Did the [PCRA] court err [by] dismissing the PCRA petition without an evidentiary hearing?"[6]

---

[5] On October 1, 2019, Appellant filed a statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b). Subsequently, this Court permitted Appellant's then-PCRA counsel to withdraw and remanded to the PCRA court to determine whether Appellant was entitled to new court-appointed counsel. While on remand, the PCRA court appointed Appellant's current counsel, and current-PCRA counsel filed a supplementary Rule 1925(b) statement on January 28, 2020.

[6] On April 7, 2020, this Court issued a rule directing Appellant to show cause why his appeal should not be quashed pursuant to Rule of Appellate Procedure 341(a) and **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018), because Appellant filed an identical notice of appeal at both lower court dockets. Appellant filed a response, and, on April 21, 2020, this Court entered an order discharging the rule, but stating that the issue would be referred to the panel considering the merits of his appeal.

In **Walker**, the Court held that that "when a single order resolves issues arising on more than one lower court docket, separate notices of appeal must be filed," and failure to file separate notices necessitates quashal of the appeal. **Id.** at 977. We have held that **Walker** does not mandate the quashal of an appeal simply based on the fact that an appellant included two or more docket numbers on a notice of appeal. **Commonwealth v. Jerome Johnson**, ___ A.3d ___, 2020 PA Super 164, *12 (filed July 9, 2020) (*en banc*). Furthermore, in **Commonwealth v. Rebecca Johnson**, ___ A.3d ___, 2020 PA Super 173 (filed July 23, 2020) (*en banc*), the appellant filed an identical notice of appeal at the three lower court dockets being appealed; however, this Court was able to determine that the three notices were "clearly distinct filings" as two of the notices were time-stamped at the same time but the stamps were affixed on different portions of the page and the other notice was time-stamped as being filed two minutes later. **Id.** at *3-4. We therefore did not quash the appeal. **Id.** at *4.

In this case, the notices of appeal filed at the two trial court dockets were identical, each listing both of the docket numbers and each bearing a stamp that they were received on June 20, 2019. While the notices were not

Appellant's Brief at 4 (unnecessary capitalization omitted). Appellant argues that the PCRA court abused its discretion by failing to hold an evidentiary hearing relating to the claim that trial counsel was ineffective for not filing a motion to pierce the Rape Shield Law in order to admit evidence that DNA from another individual was found in one of the victims' rape kit.[7]

We review this appeal subject to the following standards:

> Our review of a PCRA court's decision is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error. We view the findings of the PCRA court and the evidence of record in a light most favorable to the prevailing party. With respect to the PCRA court's decision to deny a request for an evidentiary hearing, or to hold a limited evidentiary hearing, such a decision is within the discretion of the PCRA court and will not be overturned absent an abuse of discretion.

*Commonwealth v. Maddrey*, 205 A.3d 323, 327 (Pa. Super. 2019) (citation omitted).

In assessing a claim of ineffective assistance under the PCRA, we presume that counsel has rendered effective assistance. *Commonwealth v. VanDivner*, 178 A.3d 108, 114 (Pa. 2018). To overcome that presumption, the convicted defendant must establish that:

_____

stamped with the time they were filed as in *Rebecca Johnson*, the stamps are at different positions on the page; in addition, a label was affixed to each notice indicating the separate lower court docket to which it corresponded. Accordingly, as the instant notices of appeal are "clearly distinct filings," *id.* at *3, we conclude that the notices do not run afoul of Rule 341 and *Walker*.

[7] Appellant does not identify in which of the complainants' rape kits the foreign DNA was found.

> (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's action or failure to act; and (3) the petitioner suffered prejudice as a result of counsel's error, with prejudice measured by whether there is a reasonable probability that the result of the proceeding would have been different.

***Id.*** A failure to satisfy any one of the three prongs of this test requires a rejection of the ineffective assistance claim. ***Commonwealth v. Medina***, 209 A.3d 992, 1000 (Pa. Super. 2019).

Appellant's ineffectiveness claim relates to the Rape Shield Law, which provides as follows:

> Evidence of specific instances of the alleged victim's past sexual conduct, past sexual victimization, allegations of past sexual victimization, opinion evidence of the alleged victim's past sexual conduct, and reputation evidence of the alleged victim's past sexual conduct shall not be admissible . . . except evidence of the alleged victim's past sexual conduct with the defendant where consent of the alleged victim is at issue and such evidence is otherwise admissible pursuant to the rules of evidence.

18 Pa.C.S. § 3104(a). While the statute refers to evidence of the victim's "past sexual conduct," ***id.***, the Rape Shield Law "applies to sexual activity that occurred before trial regardless of whether it was before or after the alleged sexual assault." ***Commonwealth v. Martz***, ___ A.3d ___, 2020 PA Super 104, *24 (filed April 28, 2020). The purpose of this law is "to prevent a trial from shifting its focus from the culpability of the accused toward the virtue and chastity of the victim [and] to exclude irrelevant and abusive inquiries regarding prior sexual conduct of sexual assault complainants." ***Id.*** (citations omitted).

The Rape Shield Law provides for one statutory exception: "evidence of the alleged victim's past sexual conduct with the defendant where consent of the alleged victim is at issue." 18 Pa.C.S. § 3104(a).

> In addition, this Court has recognized several other exceptions in an effort to reconcile the effect of the statute in excluding evidence with the accused's sixth amendment right to confrontation and cross-examination. Established exceptions include evidence that negates directly the act of intercourse with which a defendant is charged, evidence demonstrating a witness' bias, or evidence that attacks credibility. Notably, evidence tending to directly exculpate the accused by showing that the alleged victim is biased and thus has a motive to lie, fabricate, or seek retribution is admissible at trial.

*Commonwealth v. Largaespada*, 184 A.3d 1002, 1007 (Pa. Super. 2018) (citations and quotation marks omitted). A defendant who wishes to admit evidence protected by the Rape Shield Law "must make a specific, written proffer to the court" that the evidence falls within one of the exceptions to the statute; once this "threshold requirement" is met, "the trial judge is required to hold an *in camera* hearing to determine whether the evidence is relevant, exculpatory, and necessary to the accused's defense." *Id.*

On appeal, Appellant challenges the PCRA court's decision to not hold a hearing to allow him to develop a factual basis for his ineffective assistance claim prior to dismissal. It is well-established that "[t]here is no absolute right to an evidentiary hearing on a PCRA petition, and if the PCRA court can determine from the record that no genuine issues of material fact exist, then a hearing is not necessary." *Maddrey*, 205 A.3d at 328 (citation omitted); *see also* Pa.R.Crim.P. 909(B)(2). "To obtain reversal of a PCRA court's

decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing." ***Commonwealth v. Brown***, 196 A.3d 130, 193 (Pa. 2018) (citation omitted). An evidentiary hearing "is not meant to function as a fishing expedition for any possible evidence that may support some speculative claim of ineffectiveness." ***Id.*** (citation omitted).

The PCRA court determined that Appellant's ineffective assistance claim lacked arguable merit, reasoning as follows:

> Appellant's claim is meritless because his defense was that sex with both victims occurred, but was consensual. Appellant also fails to identify how the evidence would have exonerated him. Both victims indicated they were working as prostitutes at the time of the attacks. Thus, the presence of another person's DNA in one [] victim's rape kit in no way exculpated Appellant. Indeed, the record is devoid of any indicia of how the victim's sexual history demonstrated her bias against Appellant or how it impacted her credibility. In addition, Appellant agreed that neither victim had any reason to be angry with him at the end of their encounters. Under these circumstances, Appellant fails to provide any legitimate basis for piercing the Rape Shield Law.

PCRA Court Opinion, 3/16/20, at unnumbered page 7 (citation to record omitted).

We concur in the PCRA court's finding that Appellant's claim that trial counsel was ineffective lacked merit. As the PCRA court explained, the presence of other DNA in a rape kit is not inconsistent with the victim's testimony that she was working as a prostitute on the night of the assault. As this Court has held, the fact that a victim had engaged in sexual relations with

another individual around the time of the alleged assault cannot be used to bolster a defense of consent. **See Commonwealth v. Cramer**, 195 A.3d 594, 604 (Pa. Super. 2018); **Commonwealth v. Guy**, 686 A.2d 397, 401 (Pa. Super. 1996). In addition, the mere fact that there was foreign DNA in one of the victim's rape kits did not impact her credibility nor does it show that she was biased against Appellant.

Furthermore, Appellant did not raise a genuine issue of material fact that would have required a hearing before the dismissal of the claim. To be eligible for PCRA relief, a petitioner must "plead and prove" his grounds for relief. 42 Pa.C.S. § 9543(a). "Inherent in this pleading and proof requirement is that the petitioner must not only state what his issues are, but also he must demonstrate in his pleadings and briefs how the issues will be proved." **Commonwealth v. Rivers**, 786 A.2d 923, 927 (Pa. 2001). Appellant's PCRA petition contains only the bare assertion that trial counsel was ineffective for not filing a motion to pierce the Rape Shield Law. Appellant did not indicate in the petition what exception to the Rape Shield Law was applicable to this evidence nor did he indicate what "specific, written proffer" trial counsel could have made to the trial court in order to meet the "threshold requirement" for introduction of exculpatory evidence protected by the Rape Shield Law.[8]

---

[8] On appeal, Appellant argues that the rape kit DNA evidence would have shown that the sexual contact with the victim was consensual because she had intercourse with another individual subsequent to the contact with Appellant. **See** Appellant's Brief at 12-13 ("The evidence of foreign DNA could

- 10 -

*Largaespada*, 184 A.3d at 1007. Therefore, an evidentiary hearing was unnecessary as it would have merely functioned as "a fishing expedition for any possible evidence that may support some speculative claim of ineffectiveness." *Brown*, 196 A.3d at 193.

On appeal, Appellant contends that the PCRA court "should have granted an evidentiary hearing, requiring [trial] counsel to explain his decision" not to file a motion to pierce the Rape Shield Law. Appellant's Brief at 8. However, the issue of whether or not counsel had a reasonable basis for his decision not to seek the admission of the rape kit evidence is irrelevant as a court may reject an ineffective assistance claim on any one of the three prongs of the relevant test. *Medina*, 209 A.3d at 1000. As the PCRA court determined that Appellant's ineffective assistance claim lacked arguable merit, there was no reason for the court to probe whether counsel had a reasonable basis for his actions. *See Commonwealth v. Charleston*, 94 A.3d 1012, 1020 (Pa. Super. 2014) ("[I]f the court can determine without an evidentiary hearing that one of the prongs [of the ineffective assistance of counsel test] cannot be met, then no purpose would be advanced by holding an evidentiary hearing."

---

have reasonably supported Appellant's contention that the intercourse was consensual, especially if this foreign DNA could have come after the alleged assault."). However, this theory of the potential exculpatory use of the contested evidence was not pleaded in the PCRA petition, and therefore the PCRA court could not have considered it in determining whether an evidentiary hearing was needed to resolve a genuine issue of fact. 42 Pa.C.S. § 9543(a); *see also Commonwealth v. Golson*, 189 A.3d 994, 1000 (Pa. Super. 2018) ("Generally, an appellant cannot raise new legal theories for the first time on appeal.").

(citation omitted)). Accordingly, the PCRA court did not abuse its discretion in dismissing Appellant's PCRA petition without a hearing.

Order affirmed.

Judge King joins the Memorandum.

Judge Shogan Concurs in the Result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/5/20