J-S34029-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DEREK LEE ROYSTER | : | |
| | : | |
| Appellant | : | No. 148 WDA 2023 |

Appeal from the Judgment of Sentence Entered January 5, 2023
In the Court of Common Pleas of Fayette County
Criminal Division at No:  CP-26-CR-0001770-2021

BEFORE:  LAZARUS, J., STABILE, J., and MURRAY, J.

MEMORANDUM BY STABILE, J.:                **FILED: February 13, 2024**

Appellant, Derek Lee Royster, appeals the judgment of sentence entered by the Court of Common Pleas of Fayette County (trial court).  Following a jury trial, Appellant was found guilty of aggravated indecent assault and corruption of a minor.  He was sentenced to a prison term of 42 to 84 months as to the assault count, and no further penalty as to the remaining count.  In this appeal, Appellant argues first that the trial court erred in excluding evidence that the victim's clothing contained the DNA of two other men.  He argues next that the charges should have been dismissed because he was incarcerated on the date that the offenses were initially alleged to have occurred.  We affirm.

On December 16, 2016, the victim in this case, A.L.M., was interviewed by police.  She stated that she had been drinking alcohol at a friend's house in September of that year, when she was about 14 years old.  After falling

asleep on a couch in the living room of the home, she woke up to discover that she was being sexually assaulted. Although A.L.M. quickly fled the room, she was able to see the perpetrator's face clearly, and she later identified him as Appellant. A.L.M. saved the underwear she had been wearing that evening and it was submitted to the police for testing.

The Commonwealth filed a criminal complaint against Appellant over three years later, on November 9, 2020, alleging that he had committed sexual offenses against A.L.M. on or about September 26, 2016. A.L.M. had not specified that date to the officer who interviewed her, as she could not recall the exact day of the incident. The officer had instead estimated that the offenses occurred before the end of September 2016 because A.L.M. had entered a juvenile detention facility at around that time. **See** Preliminary Hearing Transcript, 8/12/2021, at 34-35.[1]

The first preliminary hearing for the case was held on June 15, 2021, at which point the Commonwealth moved to amend the charges to reflect an incident date of September 21, 2016. The Commonwealth explained that it had learned Appellant was incarcerated on September 26, 2016, and that its evidence showed the offenses had occurred five days earlier. Over defense counsel's objection, the Commonwealth was permitted to amend the charges

---

[1] At trial, A.L.M. testified that the incident occurred prior to her cousin's wedding on September 23, 2016. **See** N.C. Trial, 1/3/2023, at 34. Further, A.L.M.'s sister testified that Appellant appeared at her home on September 20, 2016, **see id**., at 78-79, and Appellant himself admitted that he had gone to the house on that date. **See id**., at 162.

to that effect. Appellant sought to have the case dismissed on the ground that the delay in the filing of charges, and the circumstances of the amendment, were prejudicial. The motion to dismiss was denied. **See** Trial Court Order, 5/13/2022, at 1.

Additionally, on December 30, 2022, the Commonwealth invoked Pennsylvania's Rape Shield Law (18 Pa.C.S. § 3104) in its motion *in limine* to preclude a DNA report from the evidence at trial. The report showed that the underwear worn by A.L.M. on the date of the incident only contained the DNA of two individuals other than Appellant. The Commonwealth stated in its motion that A.L.M. had consensual intercourse with those two individuals some time before Appellant assaulted her. Appellant filed a response to the Commonwealth's motion, asserting that the DNA report was admissible because it supported his defense. The trial court granted the Commonwealth's motion, and the evidence was excluded.

The case proceeded to trial on January 3, 2023. Appellant was found guilty on two counts and sentenced as outlined above.[2] He timely appealed. Both Appellant and the trial court complied with Pa.R.A.P. 1925. In Appellant's brief, he now raises two issues for our consideration: (1) whether the trial court erred in excluding the DNA report; and (2) whether the charges against Appellant should have been dismissed once the Commonwealth amended the date of the alleged offenses in the criminal complaint.

_____

[2] Appellant had also been charged with rape and statutory sexual assault, and the jury was deadlocked on those counts, resulting in a partial mistrial.

Appellant's first issue, concerning the trial court's exclusion of the DNA report, has no merit. The purpose of the Rape Shield Law is to prevent the focus of a trial from shifting away from the culpability of the accused and toward the chastity of the victim. *See Commonwealth v. Burns*, 988 A.2d 684, 689 (Pa. Super. 2009) (*en banc*); *Commonwealth v. Cramer*, 195 A.3d 594, 602 (Pa. Super. 2018). To that end, evidence of a victim's sexual history is inadmissible except in limited circumstances:

> Evidence of specific instances of the alleged victim's past sexual conduct, opinion evidence of the alleged victim's past sexual conduct, and reputation evidence of the alleged victim's past sexual conduct shall not be admissible in prosecutions under this chapter except evidence of the alleged victim's past sexual conduct with the defendant where consent of the alleged victim is at issue and such evidence is otherwise admissible pursuant to the rules of evidence.

18 Pa.C.S.A. § 3104(a).

In addition to the statutory exception of consent, courts have declined to apply the Rape Shield Law where evidence of a victim's past sexual conduct would be relevant to the victim's credibility. *See Commonwealth v. Guy*, 686 A.2d 397, 400 (Pa. Super. 1996); *Commonwealth v. Allburn*, 721 A.2d 363, 367 (Pa. Super. 1998). This includes "evidence that negates directly the act of intercourse with which a defendant is charged[.]" *Commonwealth v. Largaespada*, 184 A.3d 1002, 1007 (Pa. Super. 2018). To establish an exception, a defendant must "precisely" specify why the subject evidence is relevant, thereby allowing the trial court to assess its admissibility on the stated grounds:

> The process begins with the defendant submitting a *specific* proffer to the court of exactly what evidence he or she seeks to admit and precisely why it is relevant to the defense. This procedure forces the defendant to frame the precise issues and interests involved, and prevents him or her from embarking upon "fishing expedition style intrusions on Rape Shield law protections." Where the proffer is but vague and conjectural, evidence of the victim's past sexual conduct will be excluded and no further inquiry need be entertained.
>
> Where the proffer is sufficiently specific, the court must then undertake a three part analysis of the substance of the proffer. At the trial level, the court must conduct an *in camera* hearing at which they must determine: 1) whether the proffered evidence is relevant to the defense at trial; 2) whether the proffered evidence is *cumulative* of evidence otherwise admissible at trial; and 3) whether the proffered evidence is more probative than prejudicial.

*Commonwealth v. Wall*, 606 A.2d 449, 457 (Pa. Super. 1992) (citations omitted, emphasis in original). A trial court's decision to exclude evidence pursuant to the Rape Shield Law is reviewed under an abuse of discretion standard. *See Burns*, 988 A.2d at 689.

Here, the DNA report was inadmissible because it would have only been relevant to establish specific instances of the victim's past sexual conduct with individuals other than Appellant, and no exception to the Rape Shield Law applied. The victim's consent was never at issue in this case because Appellant denied that a sexual assault occurred. Further, Appellant did not proffer in his response to the Commonwealth's motion *in limine* precisely how the DNA report exonerated him or was otherwise relevant to his defense.

Evidence of the victim's sexual acts with other individuals did not alone tend to directly negate the act of intercourse with which Appellant was

charged. The lack of a specific proffer as to the relevance of A.L.M.'s sexual history therefore precluded the trial court from making a determination on the proffer's substance. *See Wall*, 606 A.2d at 457. Thus, the trial court did not abuse its discretion in excluding the DNA report from trial.

Appellant's second claim is that all the charges against him should have been dismissed because he was incarcerated on the date that the offenses were initially alleged to have occurred. With respect to the date of a charged offense, this Court has explained:

> It is the duty of the prosecution to "fix the date when an alleged offense occurred with reasonable certainty."
>
> The purpose of so advising a defendant of the date when an offense is alleged to have been committed is to provide him with sufficient notice to meet the charges and prepare a defense. However, "due process is not reducible to a mathematical formula," and **the Commonwealth does not always need to prove a specific date of an alleged crime**. **Permissible leeway regarding the date provided varies with, *inter alia*, the nature of the crime and the rights of the accused**.
>
> *See* Pa.R.Crim.P. 560(B)(3) (stating that it shall be sufficient for the Commonwealth to provide in the information, if the precise date of an offense is not known, an allegation that the offense was committed on or about any date within the period fixed by the statute of limitations). Case law has further "established that the Commonwealth must be afforded broad latitude when attempting to fix the date of offenses which involve a continuous course of criminal conduct." ***This is especially true when the case involves sexual offenses against a child victim.***

*Commonwealth v. Riggle*, 119 A.3d 1058, 1069-70 (Pa. Super. 2015) (some citations omitted, emphasis added).

Moreover, Pa.R.Crim.P. 564 permits a charging document to be amended as long as the amendment "does not charge offenses arising from a different set of events and that the amended charges are not so materially different from the original charge that the defendant would be unfairly prejudiced." Pa.R.Crim.P. 564. The trial court may order a continuance of the trial as needed to enable the defendant to prepare his defense in response to the amendment. *See id*.; *see also Commonwealth v. Davalos*, 779 A.2d 1190, 1194 (Pa. Super. 2001) (same).

To determine if an amendment to the charges is permitted, this Court applies the following test:

> [W]hether the crimes specified in the original indictment or information involve the same basic elements and evolved out of the same factual situation as the crimes specified in the amended indictment or information. If so, then the defendant is deemed to have been placed on notice regarding his alleged criminal conduct. If, however, the amended provision alleges a different set of events, or the elements or defenses to the amended crime are materially different from the elements or defenses to the crime originally charged, such that the defendant would be prejudiced by the change, then the amendment is not permitted.

*Davalos*, 779 A.2d at 1194 (quoting *Commonwealth v. Stanley*, 401 A.2d 1166, 1175 (Pa. Super. 1979)); *see also Commonwealth v. J.F.*, 800 A.2d 942, 947 (Pa. Super. 2002) (same).

In the present case, the Commonwealth's amendment of the offense date comports with all of the above requirements. The underlying criminal acts in the original and amended version of the charging document were identical. At all material times, Appellant was put on notice as to the exact

nature of the crimes he was alleged to have committed. Indeed, Appellant has not articulated with specificity how he was prejudiced in the preparation of his defense by the amendment.

The fact that the Commonwealth amended the incident date does not exonerate Appellant as he claims. As this Court has previously noted, it is common for minor victims of sexual offenses to have difficulty recalling the exact date on which such crimes occurred, and it is not always necessary for the Commonwealth to prove that the defendant committed such a crime on an exact date, depending on the nature of the offense. *See **Riggle***, 119 A.3d at 1070.

It was not even disputed at trial that Appellant appeared at the home of the victim's sister on day reflected in the amended charges (September 21, 2016), further undermining Appellant's claim that he was unfairly prejudiced by being charged with offenses on that date. To the extent that the strength of the Commonwealth's evidence was diminished due to the victim's ability to remember the exact day of the incident, it was a matter of evidentiary weight for the jury to resolve. Thus, Appellant's claims have no merit, and the judgment of sentence must stand.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler

Benjamin D. Kohler, Esq.
Prothonotary

2/13/2024